Pearson, J.
 

 It is agreed that the finding upon an issue taken on a traverse of a
 
 precise
 
 fact material to the right in question, is conclusive, and operates by way of estoppel between the parties and privies, if pleaded in.“ due form and apt time.”
 
 Long
 
 v.
 
 Baugus,
 
 2 Ire. Rep. 290 ;
 
 Bennet
 
 v. Holmes, 1 Dev. and Bat. Rep. 486;
 
 Outram
 
 v.
 
 Morewood,
 
 3 East, 346.
 

 It is conceded also, for the purpose of this decision, that if the case had been put to the jury, upon the issue taken on the
 
 *227
 
 plea of
 
 liberum tenementum
 
 alone, a verdict responsive to that single issue would have been conclusive
 
 .
 

 But it is contended that, as it appears by the record, the case was put to the jury upon the issue joined on the plea of
 
 “
 
 not guilty,” which issue is found in favor of the defendant, that finding put an end to the case. The jury were then
 
 fimcti officio ;
 
 and the finding, in regard to the issues, the plea of
 
 liberuon
 
 tenementum, and also the statute of limitation, was uncalled for,'—not material to the right in question, and consequently cannot have the effect of an estoppel.
 

 The broad question is, when a verdict is in favor of the defendant, both upon the general issue and upon an issue taken in a special plea, can the finding upon the latter issue be afterwards used as an estoppel against the plaintiff?
 

 When an estoppel is technical, and does not involve considerations of bad faith or unfair dealing, it is,, according to the authority of Lord Coke, odious, and should not be extended by inference or implication.
 

 The research which this case has given rise to, has not enabled us to find any case in which it is held that a verdict amounts to an estoppel, except where the finding is of a
 
 precise
 
 fact material to the decision of the case. For instance, in
 
 Outram
 
 v. Morewood, cited above, the only matter put in issue on a former trial, was, whether a certain coal-mine was included by a certain deed. The j ury found that it was not. Upon that the case turned. Afterwards, in a second action in respect to the same coal-mine, the defendant, by his plea, alleged that the coal-mine was included by the deed. The plaintiff, in his replication, relied on the finding in the former action as an estoppel, and the Court held that it operated as an estoppel.
 

 We do not consider “a case in point” necessary, in order to justify the application of a general principle; but when no such case can be met with, a careful recurrence to principles becomes necessary.
 

 Our reflections have brought us to the conclusion, that a finding for a defendant, upon a fact put in issue by a special
 
 *228
 
 plea, is not conclusive, when there is, by the same verdict, a finding for the defendant upon the general issue.
 

 We base this opinion upon three grounds: 1. A finding in favor of the defendant, upon the
 
 “
 
 general issue,” fixes the fact that the plaintiff has no cause of action ; consequently, it is unnecessary to investigate the matter alleged by the special plea, and a finding in regard to it is immaterial—a blow inflicted upon the body of a dead adversary,—and must, at the least, be treated as surplusage, under the maxim
 
 uUl& per inutile non mlAatwr
 
 / and being immaterial and mere surplus-age in respect to the action then on trial, the idea that it may subsequently become material, and be used as an estoppel, so as to defeat another action brought afterwards, involves an absurdity. Every one who has witnessed trials on the circuit is aware that when a plaintiff fails to establish his cause of action, the defendant rarely offers evidence to support his special plea; for the very sufficient reason, that it is uncalled for; and if he does, the plaintiff and his counsel do not deem it necessary to contest the matter; and it is, on all hands, considered not worth while to attend to the manner in which the verdict should be enteredj because the plaintiff is obliged to lose the case. If what is immaterial to the case then on trial, and is in practice, for that reason, permitted to pass
 
 sub silentia,
 
 may afterwards be used as an estoppel, so as to exclude
 
 the truth
 
 by a technical rule of law, it amounts to an intolerable grievance. Eor example: to. an action of slander, the defendant pleads the “ general issue” and “justification”; on the trial, the plaintiff fails to prove that the defendant spoke the -words; a verdict is entered generally, finding “ all the issues in favor of the defendant;” the defendant then makes the charge, and when sued for it, pleads “justification,” and relies on the former general finding as an estoppel, by which the plaintiff’s guilt is established, and his mouth shut; ought not the plaintiff to be allowed to say, “ the general finding embraced a matter which had become immaterial, and no one paid any attention to it; and as the matter is now material, every principle of
 
 *229
 
 justice requires that it should undergo a full and deliberate investigation ?
 

 Look at it In another point of view. Say the j ury find the ■defendant not guilty ; and upon the special plea, the verdict is entered for the plaintiff; another action is brought, to which the defendant pleads “justification,” and the plaintiff relies on the finding in the former action as an estoppel; might not the defendant well be heard to say, “ in that suit, as you had failed to establish a cause of action, I did not deem it worth while to offer evidence in support of my special plea; and if I had, it would have been looked upon by the Court and every body else, as not only evincing malice, but meanness ; because I had you in my power, and was obliged to gain the suit anyhow ?” To exclude the defendant from proving the truth under such circumstances, would be an ill return for his forbearance.
 

 "We are not to be understood as intimating that inattention on the part of a party, or of counsel, can prevent the application of a principle of law. Our position is, that when a mat. ter becomes immaterial in the progress of a cause, an inattention to it is the natural result of its immateriality; it is not such a well considered and solemn act, as, according to all of the authorities, is necessary to create an estoppel.
 
 Armfield
 
 v. Moore, Busb. 157.
 

 2nd. The finding is not merely immaterial, but inconsistent, and repugnant to the special plea.
 

 Every special plea admits the cause of action. 1 Saunders Eep. 14, note, 28,
 
 note
 
 3. Indeed, from this quality it is called a plea by way of
 
 confession cvnd avoidance.
 
 Formerly, this admission was 3nade explicitly, and pleas commenced, “True it is, that, &c.,” (admitting the cause of action,) and then alleging matter in avoidance. Stephen’s Pleading, 200. After double pleading -was allowed by the statute of Anne, this explicit admission was, of course, no longer required ; for as the defendant, after pleading the general issue, was alloVed to add a special plea, an explicit and absolute admission of the plaintiff’s cause of action would make the two pleas palpably in
 
 *230
 
 consistent.. Hence, the form of the pleas was modified, and instead of an explicit and absolute admission, it commenced by an implied and conditional one. “It is essential, however, that the confession, though not express, should be distinctly implied in, and inferable from, the matter of the pleading.” Stephen, on Pleading, 200. By way of example, he refers to a plea of' release to an action for breach of covenant, “ and the said defendant says that, after the
 
 said breach of
 
 covenant, tire plaintiff; by his deed of release, &c.” This confession, although merely “implied, and inferable from the matter of the special plea,” is, nevertheless, seemingly inconsistent, when the defendant, availing himself of the benefit of the statute, had before pleaded “
 
 non est factum.”
 
 This was the necessary effect of the siatute, and gave occasion for the witticism in ridicule of double pleading ; “one sued fo broach of a contract of bailment in returning a skillet broken, which ho had borrowed whole, pleads? 1st. That he never liad it. 2nd. That he returned it whole. 3rd. That it was ©racked when he got it..” This inconsistency, however, is rather seeming than real, when it is borne in mind that the confession is only conditional, and made for the purpose of having the benefit of the new matter alleged byway of avoidance, in the event that the general issue is found against him. If that issue is found for him, then he has no occasion for his special plea, and it is thereby not only made immaterial, but its essential cpiality of confessing the cause of action is taken from it and made repugnant to the finding. A verdict, finding the issues for him, upon both pleas, would bo obnoxious to the witticism alluded to; for, if the defendant, in the case supposed, did not execute the covenant, how could he have a release for the breach of it? Or, if, in trespass for assault and battery, the defendant pleads not guilty, and “son assault,” when the jury find that he did
 
 not
 
 commit the assault and battery, it is manifestly inconsistent also, to find that the defendant was justifiable in Committing the assault and battery in self-defense. In debt on specialty, pleas, “general issue,” “payment and set-off,” the jury find all issues in favor of the defendant; that is, “he did
 
 *231
 
 not execute the bond; he paid it, and had a set-off.” Such repugnance must be attributed to inattention in entering the A-erdict. If the defendant afterwards bring an action for the debt due him, is he to be concluded by the former record, by Avhich it appears he has used it as a set-off? In all such cases, Avhere the jury find for the defendant upon the general issue, to prevent this apparent inconsistency from being put upon the record, the regular course is for the Court, upon motion, or
 
 eos mero motu,
 
 to direct the other issues to be withdrawn, or stricken out of the record.
 

 3rd. Where there is a finding for the defendant upon the general issue, the instruction of the Judge in the Court beloAv, in reference to the special plea, cannotbereAdewedin this Court. By Avay of illustration: a woman brings an action against a man for assault and battery; the defendant pleads
 
 not guilty, son
 
 assault, &c.; the Judge instructs the jury that a man may justify an assault and battery on a woman, if she gave the first bloAv. (Question raised in
 
 State
 
 v.
 
 Gibson,
 
 10 Ire. Rep, 214.) The jury find all issues in favor of the defendant. The plain-, tiff appeals. This Court will not pass upon the plaintiff’s exception to the charge; because, as the defendant had not committed the assault and battery complained of, its decision is uncalled for. On the same ground, if, in an action of covenant, the defendant plead “ non est factum,” which is found in his favor, this Court Avill not pass upon an exception to the charge, in ..reference to the measure of damages.
 
 Gant
 
 v.
 
 Hunsucker,
 
 12 Ire. 254. As the plaintiff cannot have his exceptions to the charge, in reference to the special plea, passed upon in this Court, it follows that he should not be estopped.
 

 The general rule, therefore, is, ryhen the jury find for the defendant on the “general issue,” the finding in his favor on a special plea, cannot be used as an estoppel. It remains to be seen whether there is any ground for making an exception in reference to the plea of
 
 liberuvi tenennentum. '
 

 It is a Avell settled genoral rule, that matter which amounts to tho general issue, cannot be pleaded specially. In cases where the defendant is willing to pirt the defense upon his
 
 *232
 
 title, there are several reasons for allowing him to do so by special plea; although it amounts to the “ general issue.” If the plaintiff admit the facts by a demurrer, the case is withdrawn from the jury, and decided at once by the Court. If he put in a replication, the case then goes to the jury upon a single issue; whereas, if the defendant is compelled to plead the “ general issue,” the matter goes to the jury at large. A defendant, therefore, is allowed to allege title in himself, by way of special plea; provided he will admit, as a condition precedent, that he committed the act complained of, and that the plaintiff has such a title as will enable him to recover against a wrong-doer, and of course against him, unless he is the true owner. This is what is called “ giving color.” Although Mr. Stephen, at page 206, remarks, “this is one of the most curious subtleties that belong to the science of pleading,” the remark is applicable rather to the form tiran to the substance of the thing; for in substance, the rule which requires all special pleas amounting to the general issue, to give color, either expressed or implied,—that is, to admit that the plaintiff is entitled to judgment, unless the defendant is the true owner—has stood the test of ages ; and, like all the other rules of pleading which have stood this test, is founded in good sense and the purest logic ; has a practical object in view; and is well calculated to effect it. It would be equally appropriate to say, the rule which requires all special pleas in avoidance, to confess the cause of action, “ is a curious subtlety of the science of pleading.” For instance, the plea of
 
 liberum tenemenimn
 
 admits that the plaintiff was in possession, and that the defendant broke the close, and relies on the allegation, that it was the soil and freehold of defendant. Here, there is implied color, as the plaintiff may have been in possession as lessee for years; but if the defendant make title as tenant for years, so as to exclude this implied color, then he must give express color; the usual
 
 form
 
 being, to suppose the plaintiff’s being in possession under a deed of feofment without livery of seisin. So, in an action for tres pass to personal property, if the defendant plead specially
 
 *233
 
 “ title in liimself,” he must give express color, and the usual form is, “that the defendant delivered the goods to a stranger, who delivered them to the plaintiff, from whom the defendant took them.” Bee 2 vol. Cliitty’s Pleading. The form may be a “ curious subtlety,” but the substance is, that a defend* ant shall not play “ open and shut.” If he choose to rely on his title by special plea, he. must do so in a way to make it decisive of the case, and is not allowed to assume a position so that if he succeeds he will be entitled to judgment; whereas if he fail, he may say to the plaintiff, “ you are not entitled to judgment, although I have no title, for your cause of action has neither been established nor admitted.” Thus it is seen, that “ color” is just as essential a quality to a special plea which amounts to the general issue, as an admission of the cause of action is to an ordinary special plea by way of
 
 ■confession
 
 and avoidance; and the reasoning by which we have proven that an issue on the latter, found for the defendant, does not operate as an estoppel, when there is also a finding- for him on the “ general issue,” is equally applicable to the finding for a defendant, upon an issue in the former.
 

 When the “ general issue” is pleaded, it is difficult to see any motive for adding a special plea which amounts to the general issue. The greater includes the less; and none of the advantages in the administration of justice, which induce the Court to allow “ title in the defendant,” to be relied on by way of special plea, can be gained by it; for under the general issue, the whole matter g-oos to the j ury with instructions from the Court in respect to the question of title; and if the jury find the issue for the defendant, any further enquiry as to the matter of the special plea, becomes immaterial, and the plea itself is made defective by being deprived of “ the color” which is an essential quality. The habit of adding such a special plea after the “ general issue,” is attributable to a free use of the privilege of double pleading, which pleaders seem disposed to avail themselves of. They know a special plea can do no harm, and do not stop to enquire what purpose it is to answer. If the pleader desire to have the advantages
 
 *234
 
 above pointed out as attending a special plea, he must put the defense uj>on title
 
 alone.
 
 Even then, in regard to the plea of “
 
 liberum
 
 tenementnim,” it may be a question, whether ho can have the additional advantage of using the finding as an estoppel in a second action; because the averment is general, that the close was the “• soil and freehold” of the defendant
 
 at the time
 
 he entered, and
 
 non constat
 
 that his estate continued up to the time of the entry for which the se 3ond action is brought; so, the averment of title may be too vague to have the effect of an estoppel. Upon this question an opinion is not called for; but it certainly would not, like the averment in the leading case of
 
 Outram
 
 v. Morewood, be a
 
 precise allegation
 
 of a fact material to the decision.
 

 Our attention was called to the case of
 
 Basset
 
 v. Bennet, We have no report of that case, and find it referred to by Lord Ellknborouoii in his elaborate opinion in
 
 Outram
 
 v. Morewood, where he proves that the finding of a precise fact, in reference to the title to real estate, is conclusive as to the title; although the issue was joined in a
 
 personal
 
 action. He says : “ as to the case of
 
 Basset
 
 v. Bennet, in which a new trial wTas moved for, because a verdict was taken for the defendant, both on the general issue and on the plea of
 
 liberum
 
 tenementum; whereas, there was only evidence to support the finding on the general issue; and where the new trial
 
 is said
 
 to have been refused, because the Court held that the finding on
 
 Uberum tenementum
 
 would not prejudice the plaintiff, as a judgment in the possessory action was not conclusive on real rights. If it were indeed so laid down by the Courts, the doctrine must certainly be received with some degree of qualification and allowance. The plea would be conclusive, that at the time of pleading the plea, the soil and freehold were in the defendant; and if properly pleaded by wray of estoppel, it would estop the plaintiff from again alleging the contrary.”
 

 The
 
 decision
 
 in
 
 Basset
 
 v.
 
 Bennet
 
 was correct, and supports the conclusion to which we have arrived; but we concur with Lord Ellenborougii, that, if correctly reported, the Court gave
 
 *235
 
 a wrong reason for it. The true .reason is, that the finding for the defendant upon the general issue, made the finding upon the plea of
 
 liberum tenementum
 
 immaterial, and took from it an essential quality. The remark of Lord Eliuíneorougii, that the finding was an estoppel, as to the soil and freehold being in the defendant at the time of pleading the plea, is a mere
 
 dictum.
 
 The aim of his Lordship was to get clear of
 
 Basset
 
 v,
 
 Bennet
 
 as an authority for the position, that a finding in a possessory action could not bo conclusive of real rights; and he evidently made the remark without taking- into consideration the effect of the peculiar circumstances, that there Avas a general finding in favor of the defendant upon both pleas. Tic Avas looking at the reason given for the decision, and not at the decision itself. There is error.
 

 Nash, C. J.,
 
 dissentients.
 
 I do not concur with my brethren in their opinion. It appears to me wrong' in principle, and contrary to the practice which, as far as I am apprised, has ever existed in this State. The object of pleading is to produce an issue, either of Liav or fact,—a precise point of affirmation on one part, and negation on the other. The' common laAv, with a víoav to this principle, denied to the defendant, the right to enter more than one plea to the same matter. When, therefore, he had more than one answer or defense to the same matter, he was obliged to select one and to rely on that. The strict observance of this principle was found, in practice, to Avork much evil and injustice, and it was relaxed by the Stat. 4th Anne, ch, 16, sec. 4th, allowing a defendant, with leaA-e of the Court, to plead as many several matters as he might think necessary to his defense. Stephen on Pleading, 272. The Act of Assembly of this State passed in 1777, sec. 73, establishes the same principle, Avith this difference, that it gives to the defendant the
 
 right
 
 to “ plead as many several matters, as he may think necessary, &c.” Here, it is a matter of right, and not of
 
 favor.
 
 Being a matter of right in the defendant, he has the further right of having his pleas, as to matters of fact, submitted to the jury, and it is their right and their
 
 duty
 
 to pass upon them. If the jury do
 
 *236
 
 not respond to all tlie issues upon tlie record, tlie verdict is defective, and no judgment can be rendered upon it.
 
 Vines
 
 v. Brownrigg, 2 Dev. 537. Over these rights and this duty, the Court has no control, as to withdrawing them, or either of them, from the jury. In the first action between these parties, the defendant pleaded the
 
 general
 
 issue,
 
 liberum tenernentum
 
 and the
 
 statute of limitations.
 
 The jury found each issue in favor of the defendant; that he was not guilty of the trespass complained of; and, that the premises, upon which the •acts complained of were committed, are tlie freehold of the defendant. The present action is by tlie same plaintiff, for an alleged trespass by the same defendant, upon the same premises, at a different time and place. The defendant relies upon the judgment in tlie first action, as an estoppel in this. My brethren think there is no estoppel. I think there very clearly is. What is an estoppel ? It is an impediment in bar of an action, arising from a man’s own act, or where he is forbidden by law to speak against his own deed; for by his act or acceptance, he may be estopped to allege or speak the truth. Fitz. N. B. 142, 3 vol.; Thom. Coke, 466. It may arise by matter of record, or by matter in writing, or by matter
 
 inpais.
 
 With tlie two latter I have nothing to do at present. Lord Coke at the same page of Thomas, in stating an estoppel by record, says, “by letters patent, fines, recoveries, pleading, &c.,” and further, that the ostojqoel must be certain to every intent, and not to be taken by inference or argument, and must be a precise affirmation of that which makes it. The plea of
 
 liberum tenementum
 
 in the first case, embraces every particular required to render it conclusive on the parties, when found by the jury. It leaves nothing to inference or argument; is certain to every intent; and contains a precise affirmation of the fact which makes the estoppel. If it stood alone, there is no question but what it would estoji the party against whom it is found, not only as to the fact of the trespass complained of,
 
 but as to the title of the premises
 
 upon which it was committed. In
 
 Outram
 
 v. Morewood, 3 East, 353, Lord Ellenborough, Ch. Justice, declares as follows:
 
 *237
 
 “ If it be said, that by the free-hold coming in debate, must be meant a question concerning the same, in a suit in which the free-hold is immediately recoverable, as in an assize, or writ of entry, I answer that a recovery in any one suit, upon issue joined on matter of title, is equally con elusive upon the subject matter of such title; and that a finding upon title in an action of trespass, not only operates as a bar to the future recovery of damages, for a trespass for the same injury, but also operates by way of estojrpel to any action for an injury to the same supposed right of possession.” At page 356, h@ states : “ In trespass, damages for an injury to the possession, aro the only thing claimed in the declaration; the judgment can only give the plaintiff an ascertained right to his damages, and the means of obtaining them : it concludes nothing upon the rdterior right of possession, much less of property in the land ;
 
 tmless a question of that
 
 hind,
 
 be raised by the flea, and a traverse
 
 thereto.” Thus it appears that when the plea of
 
 liberum tenementum
 
 is solely relied on by the defendant, a finding by the jury is conclusive upon the parties to it. But the defendant, in the case we are considering, did not rely on that plea alone ; he also pleaded the general issue. Can that fact alter the principle ? Surely not, with any just reference to the nature of the plea of
 
 liberum
 
 tenementum, or to- the rights of the defendant under the Act of 1777.. As to the form and nature of the plea, Mr. Stephen in his treatise on pleading, at page 315, gives it to us, which, as far as. is necessary to quote for my purpose, is as follows t “ And for a
 
 further
 
 plea in this behalf, as to the breaking and entering the said close, &c., the said defendant says, that the said plaintiff ought not to have or maintain his said action thereof against him; because he says, that the said close, &c., now is, andi at the several times, &c,, was the close,*soil and free-hold
 
 <d
 
 him, the said- defendant, wherefore, &c.” This is the form of the plea as contained in the 2 vol. Cliitty’s PI. p. 551, and Mr, Eaton’s valuable work on forms of pleading in this State, page 157. This plea gives no color to the plaintiff’, but is not objectionable on that account; for though it asserts that the free
 
 *238
 
 hold of the
 
 locus in
 
 quo, is in the defendant, yet, as the plain* tiff may be possessed of it for a term of years, it leaves a sufficient color upon which to recover.
 
 Leyfieldis
 
 case, 10 Colee, 89 b. Step. 317. This plea stands, upon its form, as entirely unconnected with the plea of the
 
 general
 
 issue, as if they were upon different records. Per B uller in
 
 Kirk
 
 v. Nowill, 1 Term Rep. 118, and is a general principle, that where there are several pleas, each plea must stand or fall by itself. In the case in 1 Term R., the defendant pleaded the general issue, and several special pleas, yet no objection to that fact was urged, nor did the Court advert to it; the attempt there, was to support one plea by another. The attempt was repudiated by the Court. So, in
 
 Grills
 
 v.
 
 Mannell and
 
 others, Willes’ Rep. 378, the Chief Justice says, “ though the defendant has denied it in his second plea, (that the opposite party was seized in fee,) that will make no alteration ; it being a known rule, and never controverted, that one plea cannot be taken in to help or destroy another,
 
 but every plea must stand or fall by itself?
 
 Chief Justice Marshall, in commenting on the two above cases, in
 
 Whitaker
 
 v. Freeman, 1 Dev. Rep. 278, says, “ it is admitted that these cases apply only to the entire independence of different pleas in point of law; but they certainly show that the facts alleged in one plea, have no more influence on an issue made in a distinct plea, in the same cause, than if the same matter had been pleaded in a different cause.” The plea of
 
 liberum tenementum
 
 is not, in form or principle, inconsistent with that of the general issue. They are as distinct as if pleaded in different suits. They each answer a different purpose. It appears to me, however, that this is not an open question.
 

 In the case of
 
 Gilchrist
 
 v. McLaughlin, 7 Ire. 310, the question hero presented, is* substantially decided. That was an action of trespass
 
 guare clausum
 
 fregit; the pleas,
 
 liberum tenementum
 
 and not guilty. The Court say the first plea admits the fact that the plaintiff was in possession of the close described in the declaration; and that the defendant did the acts complained of; raising only the question whether the
 
 *239
 
 close described was the freehold of the defendant. But, under the plea of not guilty, the defendant may give in evidence any facts which go to show that he never did the 'act complained of; as, that he never entered the plaintiff’s close; or that the freehold and immediate right of possession are in him, or one under whom he claims. Under the latter plea,
 
 if it ■stood cdone,
 
 the plaintiff would have had to prove nothing but the amount of his damages; and the burthen of proving that the freehold was in the defendant, lay upon him. Under the other plea of not guilty, (the defendant may plead double,) the plaintiff was driven to the necessity of sustaining by proof, the affirmative allegation in his declaration, that the defendant broke and entered his close, 2nd Oreenleaf’sEv. 513. Erom the above case, it appears that if the defendant intends to deny the possession of the plaintiff, and the commission of the acts complained of, he must plead the general issue. It is the only plea by which he can drive the plaintiff to sustain, by evidence, the affirmative allegation of his declaration, that the defendant broke and entered his close. That case affirms the principle, that the plea of
 
 liberum tenementum,
 
 is not inconsistent with the general issue; that they may be pleaded to the same case; and each answers a different purpose. This doctrine is in conformity with the English practice.
 
 Morse
 
 v.
 
 Appleby,
 
 6 Meeson & Welsby, 145, was an action of trespass
 
 guare clausum fregit.
 
 The pleas there were: 1. Not guilty. 2. That the plaintiff was not possessed of the close, in the declaration mentioned. 3. That the defendant was seized in fee of the close in which, &c. 4. That A. B. was seized in fee of the close in which, &c., and the defendant, as his servant, and by his command, committed the trespass complained of. The plaintiff'had obtained a rule upon the defendant, to show cause why the 2nd plea, or the 3rd and 4th pleas, should not be struck out,
 
 as being
 
 founded on the same ground of answer ■or defense. The rule upon argument was discharged. The Court say, the plea of
 
 liberum tenementum
 
 admits the plaintiff to have the actual possession, but alleges that the right of possession is in the defendant as owner of the fee. It is
 
 con
 
 
 *240
 

 sistent
 
 with that plea that the plaintiff may be in possession under a lease from the owner of the foe. It is possible that these pleas may apply to a state of facts constituting one and the same subject matter of defense; but it is also possible they may apply to a totally different state of facts, constituting a different defense, and if that be so, do not come within the rule which has been cited. The rule upon the defendant, was for an alleged violation of the general rules and regulations as to double pleading, adopted by the Court in the 4th year of William the IV, and
 
 they
 
 were adopted under the Act of Anne, giving to the Court a discretionary power to admit different pleas. But there, even under the power given by the statute, the Court discharged the rule. In
 
 Slocomb
 
 v. Lyal, 2 English Law and Eq. Rep. 376, the same point is decided by the Court. It was an action of trespass
 
 q. c. fregit,
 
 and the defendant obtained a rule upon the plaintiff to show cause why he should not be permitted to plead, first, that the said close was not the property of the plaintiff
 
 modo et forma,
 
 / second,
 
 liberum tenementv/m.
 
 It was opposed as being in violation of the rules adopted under William the IV. Irrespective of those rules, Parkb, Baron, observed, “ we have always allowed those two pleas.” And in reply to the
 
 regula generalis,
 
 the same Judge observes, the plea of
 
 not possessed
 
 enables the defendant to dispute the plaintiff’s possession ; but
 
 liberum tenementum
 
 admits the possession, and drives the plaintiff to produce his title if any. Anderson, Baron, declared, “it lias been the universal practice to allow these jileas to be pleaded together.” It cannot be objected that the above two cases were decided mainly in reference to the rules of William IV; the principle is precisely the same, and in reference to the peculiar nature and effect of the jilea of
 
 liberwn tenementum.
 
 If, then, the English Judges, under the discretion with which they are clothed by the Stat. of Anne, admit the two pleas of not guilty and
 
 liberum tenementum
 
 to stand together, I cannot see by what authority, or upon what principle, our Courts, who have no discretion under the Act of N'T, in receiving the jileas, can substantially deny to a de
 
 *241
 
 fendant tlie right to plead as many pleas as he thinks proper, by denying to him the benefit of a special plea, which has; by the jury, been found in his favor. It is said estoppels are odious as concluding the* truth, and are not to be favored." AVhat I presume iff meant, is that they shall not be taken by inference; but when they arise’ by record, and plainly appear by it, the Court has nothing" to do- but to enforce them. And if there be any truth in- the maxim
 
 “interest reijpublicce ut sit finis
 
 lit'kvm,” they certainly are very useful. But for this principle there would be no end to litigation. The plea of
 
 liberuon tenementumfio
 
 an action of trespass
 
 q. c.
 
 fregit, is the only mode by which the title can be settled between the litigants ; for the reaso?» that it is the only plea by wdiich the title can be put directly and precisely in litigation, and is never pleaded, but with the- purpose to ascertain in whom the title is- The defendant,, under the general issue, is entitled to make the same defense as under the plea of
 
 liberum, tenementum,
 
 that is, he may show title to the
 
 locus in quo
 
 in himself, and he may show title-in another under whom he entered;, or that he-did not commit the acts complained of; and for reasson of this variety of defense under the general issue, a- ver> diet in favor of either of the parties does not act as an estoppel, for the title has not, by a proper plea, been put in' issue on the-record. The opinion of my brethren carried out, will produce this result: that a verdict upon the plea of
 
 liberum tenemenkim
 
 cannot amount to an estoppel, unless it stands on the record by itself; if accompanied by tire plea of. not guilty,., a verdict leaves the question of title at large, as if upon, the latter plea alone. _ This would amount to a judiciahrepeal of the Act of ’77 upon this point; depriving the defendant, when the verdict is in his favor, of the only benefit he can derive from it, which is not contained in the plea of not guilty. lie wishes to be secure in his title—not to be harrassed by repeated actions, under the same title for every entry he may make into the
 
 locus.
 
 lie must admit the possession of the plaintiff, and that he entered upon his close. This, however, he is not willing to do. By the Act of ’77, he may plead as many matters as
 
 *242
 
 lie thinks necessary to his defense; the opinion of my brethren virtually refuses it. This, under the Stat. of Anne, the English Judges have a right to do; for the Statute gives them a fdiscretionary power, as to admitting a second plea; and if pleaded, they have a right to order it to be stricken from the record.
 
 Jenkins
 
 v. Edwards, 5 Term Rep. 91. But here, the admission of several pleas is not a matter of discretion in the Court, but a matter of right in the defendant, over the exercise of which, the Court has no control; and this has been the uniform practice under the Act of N'T.
 

 We have seen then, that, under that Act, it is the right of a defendant to plead as many matters as he may deem necessary to his defense; that he lias a
 
 right
 
 to have all of them, if traversed, submitted to the jury, whose duty it is to respond to each; that when there are several pleas, each must stand or fall by itself; that they are as unconnected as if they were on separate records. In the first case between these parties, the defendant pleaded not guilty and
 
 liberum tenementimn.
 
 The jury responded by their verdict to each separately. To the first, that the defendant was not guilty of trespassing on the close of the plaintiff; to the second, that the close upon which the alleged trespass was committed, was the freehold of the defendant; and upon each of these findings, the Court below have pronounced judgment; upon the latter, that the
 
 locus vn quo
 
 is the freehold of the defendant. And this judgment is now in full force and unreversed. Here, then, is a judgment of a Court of competent jurisdiction upon a question of title, distinctly brought before it by a proper plea, and my brethren are of opinion that that judgment does not estop the parties to it. I confess I do not so understand it. The present action is for an alleged trespass upon the same premises; and a jury had solemnly found that those premises were the freehold of the defendant.
 

 In my view of the case, the opinion of my brother judges is against principle, and in direct variance with what has been considered the settled law in this State; and that the judgment ought to be affirmed. It will be seen that I have
 
 *243
 
 not attempted to review the opinion of my brethren; iny sole object being to set forth
 
 my
 
 reasons for the opinion I en* tertain on the subject.
 

 Per. Curiam.
 

 Judgment reversed»