LEWIS E. FERRELL, EXECUTOR OF THE LAST WILL AND TESTAMANT OF DELLA BASNIGHT BELL v. OSCOE BASNIGHT, MELVIN BASNIGHT, ST. CLAIRE BASNIGHT, MILROE ETHERIDGE, MYRTLE B. PECK, ENID B. FORD, ELLEN ALEXANDER, AND FLOSSIE BASNIGHT.

(Filed 19 September 1962.)

**Appeal and Error § 4; Wills § 71—**

The executor is not a "party aggrieved" by judgment adjudicating the rights of the beneficiaries under the will and, none of the beneficiaries affected by the judgment having appealed, the appeal will be dismissed.

APPEAL by plaintiff from *Parker, J.*, May 1962 Term of CRAVEN.

Della Basnight Bell died testate on 1 February 1961. Her will dated 27 April 1954 was probated in Craven, the county of her residence. Plaintiff was named in and has qualified as the executor of the will. He brings this action for a declaratory judgment to determine "(1) Whether Winslow Basnight shall take any part of the estate of the said Della Basnight Bell under either Item THREE or Item THIRTY-FIVE thereof; (2) Whether the defendant Milroe Etheridge shall take any part of the residue of said estate under Item THIRTY-FIVE of said Will, or whether Ellen Alexander will take any part, or whether either will take any part thereunder."

There is attached to the complaint a copy of the will. It is divided into thirty-six parts or items. Thirty-two of these give money or specific chattels to designated relatives or friends. The complaint directs attention to Items THREE, FIVE, and THIRTY-FIVE. These items, so far as here pertinent, read:

"THREE: I hereby will and devise to my brother Winslow Basnight the sum of One Thousand ($1,000.00) Dollars; to my brother St. Claire Basnight One Thousand ($1,000.00) Dollars; to my brother Oscoe Basnight One Thousand ($1,000.00) Dollars; and to my brother Melvin Basnight One Thousand ($1,000.00) Dollars."

"FIVE: I do hereby will and bequeath to my sister Milroe Etheridge the sum of Five Hundred ($500.00) Dollars and all of my silver knives, forks and spoons and all of the Haviland China."

"THIRTY-FIVE: . . . it is my will and desire that any residue and property, real or personal, not specifically disposed of herein, after the payment of all sums for which my estate may be liable, be equally divided between my full brother, my half brothers and my half sister, share and share alike."

Plaintiff alleges these facts to justify his prayer for interpretation: (1) The will was executed 27 April 1954. (2) Winslow Basnight (Mrs. Bell's brother) died 29 January 1953, leaving a widow, defendant Flossie Basnight, and two daughters, defendants Peck and Ford, as his

heirs at law and distributees. (3) Defendants St. Claire Basnight, Oscoe Basnight, and Melvin Basnight were half brothers of Mrs. Bell. Defendants Milroe Etheridge and Ellen Alexander were half sisters of Mrs. Bell. (4) The will makes no specific reference to Mrs. Ellen Alexander.

Plaintiff alleges: "(W)hen testatrix designated her half sister in such will, she meant her half sister Milroe Etheridge, theretofore mentioned, and not her half sister Ellen Alexander."

Ellen Alexander, although personally served with process, did not answer. The other defendants filed an answer verified by the defendant Oscoe Basnight. Their answer admits the factual allegations of the complaint. It alleges the defendants Peck, Ford, and Flossie Basnight were, as a matter of law, entitled to receive the $1,000 given their father and husband, Winslow Basnight, by Item THREE. The answer denies that the rights of the parties are to be determined solely by a construction of the will, alleging all defendants have settled any potential controversy by a written agreement dated 4 March 1961, copy of which they annexed to the complaint. This agreement provides in part: "And whereas all of said parties desire to stipulate and agree that it was the intent of the said Della Basnight Bell in said Item THIR-TY-FIVE of her will, constituting its residuary clause, to provide that her half sister Milroe Etheridge should participate in the property passing thereunder, and to exclude her half sister Ellen Alexander, and the said Ellen Alexander does not wish any controversy over the construction of said item of said will by reason of said testator mentioning 'my half sister' when in fact she had two half sisters . . ."

Judge Parker, being of the opinion the pleadings raised no issues of fact and the defendant Ellen Alexander having waived any right to a jury trial by her failure to plead or to appear (G.S. 1-184), found the facts as stated in the pleadings, including a finding that the agreement of 4 March 1961 was executed by Ellen Alexander and the remaining defendants.

Based on his findings, he concluded: (1) Item THREE bequeathing $1000 to Winslow Basnight was void by reason of his death prior to the execution of the will. (2) By virtue of the agreement of 4 March 1961 defendants Ford and Peck were entitled to this sum. (3) That portion of Item THIRTY-FIVE giving one-fifth of the residuary estate to Winslow Basnight was void because of his death prior to the execution of the will "but by reason of the aforementioned agreement between Ellen Alexander and the others therein mentioned, dated March 4, 1961, and recorded in Book 627 at page 123, the said Myrtle B. Peck and Enid B. Ford are entitled to receive a one-fifth part of all the residuary estate." (4) "That Milroe Etheridge is entitled to

receive a one-fifth part of all property devised in Item THIRTY-FIVE of the said last will and testament of Della Basnight Bell which was devised to 'my half sister.' "

Plaintiff excepted to the judgment and appealed.

*Barden, Stith & McCotter by L. A. Stith for plaintiff appellant.*
*R. E. Sumrell for defendant appellees.*

RODMAN, J. Plaintiff, appellant, does not contend his rights are in any wise prejudiced by the judgment. Admittedly the court has answered the questions which plaintiff wanted answered and which are determinative of the rights of the parties. Mrs. Alexander did not deny the allegation in the complaint that Mrs. Bell, when she referred to her half sister, meant Mrs. Etheridge and not Mrs. Alexander. In fact Mrs. Alexander not only did not deny the allegation but executed the written instrument acknowledging that fact. She has not appealed from the judgment determinative of her rights.

The remaining defendants have not appealed from the judgment declaring Winslow Basnight's children entitled to the $1000 given by the will to their father, nor have they appealed from that part of the judgment holding that they are jointly entitled to one-fifth of the residuary estate. In fact all the defendants who answered and who have entered an appearance in this Court conclude their brief with this language: "We contend that for the reasons above stated, Myrtle B. Peck and Enid B. Ford are entitled to the One Thousand Dollar bequest made to their father, Winslow Basnight, under Item Three of the Will involved in this case; that they are entitled to One-Fifth (1/5) of the residuary estate; and that Milroe Etheridge is the half-sister referred to in Item Thirty-Five of the will and is therefore entitled to One-Fifth (1/5) of the residuary estate." It thus appears that the parties who might be adversely affected by the judgment approve the result but suggest that the court gave the wrong reason for the conclusion reached.

Because plaintiff is not an aggrieved party, his appeal must be dismissed unless we are to depart from an unbroken line of decisions by this Court. *Cline v. Olson,* 257 N.C. 110; *Dickey v. Herbin,* 250 N.C. 321, 108 S.E. 2d 632; *Gregg v. Williamson,* 246 N.C. 356, 98 S.E. 2d 481; *Langley v. Gore,* 242 N.C. 302, 87 S.E. 2d 519; *Gold v. Insurance Co.,* 255 N.C. 145, 120 S.E. 2d 452; *Buick Co. v. General Motors Corp.,* 251 N.C. 201, 110 S.E. 2d 870; *In re Estate of Cogdill,* 246 N.C. 602, 99 S.E. 2d 785.

Our holdings are in accord with decisions elsewhere. *Holland v. King,* 107 S.E. 2d 805; *Bryant v. Thompson,* 13 L.R.A. 745, with an-

notations; Annotation, 117 A.L.R. 99, on the question "Right of executor or administrator to appeal from order of distribution." See particularly the list of cases cited pp. 100-101. "An executor or administrator, as such, is not, however, aggrieved or prejudiced by a decree or judgment as to the rights of the beneficiaries, and therefore, cannot appeal from a decree affecting their interests. In accordance with this rule, it is held that an administrator is not entitled to appeal from a decree of distribution." 2 Am. Jur. 960-961; 4 C.J.S. 585-586.

Appeal dismissed.