R. L. COBURN and wife, MARTHA H. COBURN v. ROANOKE LAND AND TIMBER CORPORATION, COASTAL LUMBER COMPANY, L. B. BLACKMAN, B. H. OATES and wife, RUTH OATES, J. W. WELLS and wife, RUTH WELLS, K. P. LINDSLEY and wife, MURCEIL P. LINDSLEY, L. P. LINDSLEY and wife, MARGUERITE G. LINDSLEY.

(Filed 18 September 1963)

**1. Appeal and Error § 4—**

Only the party aggrieved by the judgment may appeal therefrom, and the party aggrieved is one whose substantial rights are affected by the judgment. G.S. 1-271, G.S. 1-277.

**2. Judgments § 35—**

In an action to restrain the cutting and removal of timber, a judgment of dismissal based on findings of the referee, approved by the court, that plaintiffs had failed to show title to the tract in controversy, is not equivalent to a voluntary nonsuit but is equivalent to an express jury finding that plaintiffs were not the owners of the land in controversy, and precludes plaintiffs thereafter from asserting title to such land.

**3. Injunctions § 16;  Judgments § 5—**

Where judgment on the merits is entered adjudicating that plaintiffs are not the owners of the tract of land in controvsery, and the cause is retained solely for the assessment of damages against plaintiffs' injunction bond, a trespass committed by plaintiffs subsequent to the judgment does not come within the scope of the action, and defendants may not recover damages for such trespass by motion in the cause.

**4. Appeal and Error § 4—**

Where plaintiffs are estopped from claiming the land in controversy by judgment on the merits that they are not the owners thereof, no judgment in regard to the use of the land can affect any substantial right of theirs, and their attempted appeal from an order continuing to the hearing an order restraining them from cutting timber from the land will be dismissed.

APPEAL by plaintiffs from an order of *Bundy, J.,* in Chambers in BEAUFORT County, continuing a restraining order until the final hearing.

This action was instituted in August 1957 for the purpose of (1) establishing plaintiffs' title to a tract of land in Martin County containing 87.79 acres, (2) recovering damages for timber cut therefrom by Roanoke Land and Timber Corporation (Timber Corporation), and (3) restraining further cutting by Timber Corporation.

Timber Corporation denied plaintiffs owned the land described in a deed to it conveying the timber on the Conoho farm of defendants Lindsley; it admitted it had cut part of the timber described in that deed and asserted the right to cut the remaining timber.

At plaintiffs' instance a preliminary restraining order issued 21 August 1957 prohibiting Timber Corporation from further cutting. On 3 September 1957 this order was by consent, continued to the final hearing on condition that plaintiffs give bond in the sum of $1000 "to indemnify the defendants against any loss which they may sustain by reason of the restraining order." The bond was given.

The cause was referred, *Coburn v. Timber Corp.,* 257 N.C. 222, 125 S.E. 2d 593. The referee reported: "The evidence, considered in the light most favorable to plaintiffs, fails to show color of title to the 87.79 acres described on the Court Map, and fails to show open,

notorious, continuous and adverse possession for seven years under known and visible lines, next preceding the institution of this suit. . . . The evidence, considered in the light most favorable to plaintiffs, fails to show that plaintiffs or either of them were in possession of the 87.79-acre tract of land openly, notoriously, continuously and adversely, and under known and visible lines for twenty years next preceding the institution of this suit." These findings of the referee were adopted by the court as its own. Based on the findings so made and approved, judgment was entered at the November Term 1962 that plaintiffs recover nothing of Timber Corporation; that Timber Corporation's time to cut the remaining timber on the land in controversy be extended for a period equal to the period the restraining order was in effect. The cause was retained for the ascertainment of the damages resulting from the wrongful issuance of the restraining order. On appeal this Court found "No Error" in the judgment. *Coburn v. Timber Corp.*, 259 N.C. 100. The mandate of this Court was transmitted to the Superior Court of Martin County on 2 April 1963.

Thereafter plaintiffs began cutting timber on the land in controversy. Defendant Timber Corporation, by motion in the cause, applied for an order restraining this cutting. Plaintiffs admitted they had cut timber but denied that they had cut timber owned by Timber Corporation. A temporary restraining order issued. This was continued to the hearing. Plaintiffs excepted and appealed.

*Griffin & Martin, C. W. Everett, and R. L. Coburn, by Clarence W. Griffin for plaintiff appellants.*

*Peel & Peel and Bourne & Bourne by Henry C. Bourne for defendant appellees.*

RODMAN, J. Plaintiffs state the question for decision: "Did his Honor Judge Bundy commit error in continuing the temporary restraining order herein?"

The right to appeal is limited to a party aggrieved. G.S. 1-271. A party is aggrieved if his rights are substantially affected by judicial order. G.S. 1-277. If the order complained of does not adversely affect the substantial rights of appellant, the appeal will be dismissed. *Bank v. Melvin*, 259 N.C. 255; *Ferrell v. Basnight*, 257 N.C. 643, 127 S.E. 2d 219; *In re Application for Reassignment*, 247 N.C. 413, 101 S.E. 2d 359; *Gregg v. Williamson*, 246 N.C. 356, 98 S.E. 2d 481; *Langley v. Gore*, 242 N.C. 302, 87 S.E. 2d 519.

Manifestly plaintiffs have no right to complain of an order prohibiting them from cutting the timber, if the judgment rendered by

Judge Fountain, and found by this Court to be free of error, estops plaintiffs from asserting title to the timber. Therefore, the crucial question is: Are plaintiffs estopped to deny Timber Corporation's title. Plaintiffs contend the judgment is the equivalent of a voluntary nonsuit and hence could not constitute an estoppel. They cite and rely on *Grimes v. Andrews,* 170 N.C. 515, 87 S.E. 341, and *Taylor v. Scott,* 255 N.C. 484, 122 S.E. 2d 57, which applied the principles announced in *Grimes v. Andrews.*

In *Grimes v. Andrews, supra,* relied on by plaintiffs, the court said: "The dismissal of the former suit, if for the same cause of action, did not constitute an estoppel, as the case was not heard and decided on its merits, but the dismissal was equivalent to a nonsuit, granted because plaintiff in that suit had not prosecuted the same. . . . We do not say that where it appears that the merits have been considered and passed upon, the judgment of dismissal may not be successfully pleaded as a former adjudication, but no such thing occurred here. The other suit was dismissed, with costs against the plaintiff, simply because he had failed to restore the lost record, and in no sense were the merits touched upon. It could have no more legal effect than a nonsuit, where plaintiff fails to prosecute his cause, or is called and fails to appear. His laches put him out of court, and that is all it does, and he may come back again at his will and pleasure and pursue the same cause without being affected by any bar of the former judgment."

In the present case there was a full hearing with opportunity to each of the parties to establish their respective claims. Here numerous documents consisting of deeds, wills, and other writings were offered in evidence by the respective parties. Sixteen witnesses testified at length with respect to the merits of the controversy, the location of the lands, possession, and other facts on which the parties relied to establish or controvert plaintiffs' title. Plaintiffs and defendants Lindsley, under whom Timber Corporation asserts the right to cut timber, are the owners of adjoining properties, the Lindsley property being known as the Conoho farm. As said by Sharp, J., in the first appeal (257 N.C. at p. 227): "The instant case involves a complicated question of boundary which, we may assume, required a personal view of the premises since the referee, with counsel, did make one." The crucial question in the case, therefore, has at all times been: Who owned the 87.79 acres in controversy? Was it a part of the Coburn farm, or was it a part of the Conoho farm? The report of the referee, approved by the judge, is equivalent to an express jury finding that plaintiffs were not the owners of the land in con-

troversy. They are now estopped as to Timber Corporation to assert that they do own the land. *Wicker v. Jones,* 159 N.C. 102, 74 S.E. 801; *Land Co. v. Guthrie,* 123 N.C. 185; *Yates v. Yates,* 81 N.C. 397; *Falls v. Gamble,* 66 N.C. 455; *Rogers v. Ratcliff,* 48 N.C. 225; *Permian Oil Co. v. Smith,* 111 A.L.R. 1152; *Herschbach v. Cohen,* 69 N.E. 932, 99 Am. St. Rep. 233; 50 C.J.S. 253; 18 Am. Jur. 102-3; 52 Am. Jur. 894.

The right of appellee to recover damages for timber assertedly cut from the land in controversy in April 1963 is not presented by this appeal. The cause was retained merely for the purpose of assessing damages, if any, sustained by reason of the issuance of the restraining order in 1957. *Gruber v. Ewbanks,* 199 N.C. 335, 154 S.E. 318; *Timber Co. v. Rountree,* 122 N.C. 45; *Pearson v. Carr,* 97 N.C. 194; *Brendle v. Herren,* 97 N.C. 257.

Since plaintiffs are estopped to assert title to the land in controversy, it follows that an order enjoining them from cutting timber which they do not own does not affect any substantial right of theirs. They are not parties aggrieved.

Appeal dismissed.