PILOT LIFE INSURANCE COMPANY v. ELMA S. FARMER, SR., MARY
PARKER FARMER, ELMA S. FARMER, JR., T. W. PRUITT, UNION NA-
TIONAL BANK AND WALTER L. HINSON, TRUSTEE IN THE BANKRUPTCY
MATTER OF ELMA SPEIGHT FARMER, MARY ALICE FARMER, A/K/A MARY
ALICE PARKER FARMER, D/B/A SPEIGHT OIL COMPANY, D/B/A SPEIGHT OIL COM-
PANY, L.A., D/B/A ELMA FARMER FARM AND LIVESTOCK

No. 8718SC943

(Filed 5 April 1988)

**Insurance § 9— life insurance policy assigned as collateral for debt—debt dis-
charged—finding unsupported by evidence**

     Where plaintiff issued a policy insuring the life of defendant husband, and
defendant wife, as owner of the policy, assigned it as collateral for a debt, the
trial court erred in finding that the debt for which the policy was assigned as
collateral was discharged in bankruptcy court, and that the assignment was
voidable at the option of the owner of the policy, since there was no evidence
to support such a finding; however, evidence was sufficient to support the trial
court's conclusion that assignment of the policy was valid.

APPEAL by defendant Pruitt from *Battle, Judge.* Judgment
entered 6 April 1987 in Superior Court, GUILFORD County. Heard
in the Court of Appeals 7 March 1988.

This is a declaratory judgment proceeding instituted by
plaintiff against Elma S. Farmer, Sr., Mary Parker Farmer, Elma
S. Farmer, Jr., T. W. Pruitt, Union National Bank, and Walter L.
Hinson, trustee in the Farmers' bankruptcy matter. Each defend-
ant filed an answer and prayed that the court enter its judgment
declaring rights under an insurance policy issued by plaintiff on
the life of Elma S. Farmer, Sr.

The record before us, including the complaint, answers and
findings of fact made by the trial court, establishes the following
uncontroverted facts:

On 10 November 1980, plaintiff issued the policy insuring the
life of Elma S. Farmer, Sr., in the amount of $1,000,000. On 7 Jan-
uary 1983, Mary Parker Farmer, as owner of the policy, assigned
it to T. W. Pruitt and Union National Bank as collateral for a
debt. On 26 November 1985, the assignees of the policy submitted
to plaintiff a request to borrow against the cash value of the pol-
icy in order to pay the premiums since Mary Parker Farmer re-
fused to make the payments. On 3 December 1985, the Farmers

notified plaintiff that they no longer wanted the policy renewed and that they did not want assignees to pay the premiums or borrow against the policy in order to keep it in force.

The complaint in this proceeding was filed on 11 December 1985 and at that time defendants Elma S. Farmer, Sr., and Mary Parker Farmer were involved in a bankruptcy proceeding under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. When this cause came on for hearing before Judge Battle, he found as a fact that "[t]he debt for which the policy served as collateral was discharged in the United States Bankruptcy Court, Eastern District of North Carolina, on November 26, 1986." He also found that the assignee had the sole right to "loans or advances on the policy . . . without notice to, or assent by" the owner.

Based on its findings of fact, the trial court concluded that the assignment to T. W. Pruitt and Union National Bank was valid. It further concluded that "[i]n November 1985, and November 1986, the assignees *properly* exercised their rights to continue the policy in force and to borrow against the cash value of the policy to pay the premiums." (Emphasis added.)

Additionally, the court concluded:

> Upon discharge in bankruptcy of the debt for which the assignment was collateral, the assignment became voidable at the option of the owner of the policy. It is obvious from the testimony of Mary Parker Farmer that she desires this assignment to be canceled, or declared void. Therefore, it is the conclusion of this Court that the assignment should be voided, and all rights, privileges and options under the assignment shall revert to Mary Parker Farmer as of this date.

From the judgment declaring the assignment was voided and the policy canceled, defendant Pruitt appealed.

*No counsel for plaintiff Pilot Life Insurance Company.*

*Edmundson & Burnette, by R. Gene Edmundson and J. Thomas Burnette, for defendant, appellant T. W. Pruitt.*

*No counsel for defendant Union National Bank.*

*No counsel for defendant Walter L. Hinson.*

*Hornthal, Riley, Ellis & Maland, by Donald C. Prentiss, for defendants, appellees Elma S. Farmer, Sr., and Mary Parker Farmer.*

HEDRICK, Chief Judge.

No question has been raised with respect to that part of Judge Battle's judgment concluding that defendant Pruitt "properly" exercised his option to continue the policy in force and borrow against its cash value to pay the premiums in 1985 and 1986. Indeed, defendant Pruitt could not appeal from that portion since he was not an aggrieved party. *Coburn v. Timber Corporation*, 260 N.C. 173, 132 S.E. 2d 340 (1963).

The only question argued on appeal by defendant Pruitt is whether the trial court erred in declaring that the assignment was voided and the policy canceled. At the hearing on the declaratory judgment proceeding only Mrs. Farmer, owner of the insurance policy in question, was sworn as a witness. She testified concerning the debt that "[w]e have been discharged." The trial court found as a fact that the debt in question was discharged. At the hearing, defendant Pruitt's counsel argued that the only question before the court was "whether or not the assignment was valid." He contended defendant Pruitt was not prepared to litigate any question except validity of the assignment. Plaintiff made no motion to amend the complaint nor did any of defendants. Defendant Pruitt vigorously contended that the question of whether the debtors were discharged was not before the trial court.

Defendant Pruitt on appeal now argues the discharge of the Farmers in the bankruptcy proceeding did not discharge the debt, that the assignment of the policy was valid, and that the trial court had no authority to declare that "[u]pon discharge in bankruptcy of the debt . . . the assignment became voidable at the option of the owner of the policy." We agree. There is no evidence in the record to support the finding made by the trial court that the "debt for which the policy served as collateral was discharged. . . ." The only evidence is that Mrs. Farmer testified she and her husband had been discharged from the debt. This does not support the conclusion that the assignment was voidable. The

question of whether the debt was discharged has not been litigated and was not raised in the pleadings. That portion of the judgment indicating the assignment of the policy was voidable at the option of the Farmers must be vacated. That portion of the judgment declaring the assignment valid will be affirmed.

Affirmed in part; vacated in part.

Judges JOHNSON and ORR concur.