BIGGER v. ARNOLD

[221 N.C. App. 662 (2012)]

———————————

RICHARD A. BIGGER, JR., Executor of the Estate of Roy Arnold, Plaintiff v. KAREN ARNOLD; DANIEL ARNOLD; JOHNSON C. SMITH UNIVERSITY, INCORPORATED; and MICHELLE RYDER, Defendants

No. COA11-1604

(Filed 17 July 2012)

**Parties—standing—executor of estate—not aggrieved party**

Plaintiff executor lacked standing to appeal an order of the trial court declaring that the assets in a joint brokerage account of plaintiff's decedent and defendant widow passed solely to defendant. Plaintiff was not a party aggrieved by the trial court's

**BIGGER v. ARNOLD**

[221 N.C. App. 662 (2012)]

order and plaintiff could not appeal from an order that only affected the distribution rights of the beneficiaries.

Appeal by plaintiff from judgment entered 2 August 2011 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 May 2012.

*Wishart, Norris, Henninger & Pittman, P.A., by June K. Allison, for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by James F. Wood, III, for defendant-appellee.*

STEELMAN, Judge.

Where the trial court's ruling did not injuriously prejudice the executor of the estate, and the beneficiary affected by the order failed to appeal, we dismiss the appeal.

## I. Factual and Procedural Background

Roy Arnold (Arnold) died testate on 24 December 2007. His will bequeathed all of his tangible personal property to his wife, Karen Arnold (defendant). The remainder of the estate was bequeathed to a revocable trust. This trust provided for cash gifts of $50,000 to Arnold's nephew and $150,000 to his wife's daughter, and it specified that Arnold's art collection was to be delivered to Johnson C. Smith University (JCSU). The remaining trust assets were to be divided into two equal shares, the Karen Arnold share and the Arnold Scholarship share. The Karen Arnold share would pay its income to defendant until her death, and at her death distribute the principal to the Arnold Scholarship fund. The Arnold Scholarship share was to be distributed to JCSU to establish a scholarship fund. The will and revocable trust were executed in 2003.

Arnold suffered from a brain tumor that led to his death on 24 December 2007. There was some evidence that his mental function was impaired. The vast bulk of his property was held in a brokerage account. Prior to his death, Arnold executed documents creating a joint brokerage account with his wife and transferring his wealth to that account. The joint brokerage account agreement provided that upon the death of one of the joint tenants, the entire account would pass to the survivor.

**BIGGER v. ARNOLD**

[221 N.C. App. 662 (2012)]

On 10 June 2009, the executor of Arnold's estate (plaintiff) filed a complaint seeking a declaratory judgment from the court as to whether the joint brokerage account was properly created; whether defendant was entitled to the assets in the joint brokerage account; and whether the executor had a duty to file a legal action to determine if there was wrongdoing in the transfer of assets into the joint brokerage account. JCSU, a beneficiary of the revocable trust, was joined as a party defendant to the action. JCSU filed an answer denying the allegations pertaining to the formation of the joint brokerage account for lack of information, and requested that the court not award plaintiff anything from JCSU.

On 9 June 2011, defendant filed a motion for summary judgment. On 2 August 2011, the trial court granted defendant's summary judgment motion, holding that the assets in the joint brokerage account passed solely to defendant.

Plaintiff appeals. JCSU does not appeal.

## II. Plaintiff's Standing to Appeal Order

Defendant contends that plaintiff lacks standing to appeal the order of the trial court. We agree, and hold that this issue is dispositive of plaintiff's appeal.

### A. Standard of Review

"[O]nly a 'party aggrieved' may appeal a trial court order or judgment, and such a party is one whose rights have been directly or injuriously affected by the action of the court." *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) (citation omitted). "Where a party is not aggrieved by the judicial order entered, . . . his appeal will be dismissed." *Gaskins v. Blount Fertilizer Co.*, 260 N.C. 191, 195, 132 S.E.2d 345, 347 (1963) (per curiam) (citations omitted).

### B. Analysis

An executor cannot appeal from an order that only affects the distribution rights of the beneficiaries. "Where there is a controversy between legatees under a will, in which controversy the executor, as such, has no interest, such executor is not a party aggrieved by a decree of distribution and may not appeal therefrom." *Dickey v. Herbin*, 250 N.C. 321, 326, 108 S.E.2d 632, 636 (1959); *see also Ferrell v. Basnight*, 257 N.C. 643, 645, 127 S.E.2d 219, 221 (1962) (ruling that an executor cannot appeal from a decision affecting the rights of the beneficiaries).

**BIGGER v. ARNOLD**

[221 N.C. App. 662 (2012)]

An appeal is not necessary because "the court has answered the questions which [the executor] wanted answered and which are determinative of the rights of the parties." *Ferrell*, 257 N.C. at 645, 127 S.E.2d at 221. If the parties were dissatisfied with the outcome, they could file their own appeals. *Id.* at 645, 127 S.E.2d at 221.

The order of the trial court affects the rights of the beneficiaries under the will and the revocable trust. The trial court held that the joint brokerage account was legally created by Arnold, and that its assets passed directly to defendant, and not through the pour-over will into the revocable trust. We further note that the trust created in 2003 was a revocable trust. The trial court's holding answers plaintiff's request that the court determine whether defendant was entitled to the assets in the joint brokerage account. Plaintiff as executor of Arnold's estate has not been injuriously prejudiced by this ruling. JCSU, the party prejudiced by the ruling, failed to appeal.

### III.  Conclusion

Plaintiff lacks standing to appeal because he is not a party aggrieved by the trial court's order. Accordingly, we do not reach the other issues in the case.

APPEAL DISMISSED.

Judges McGEE and ERVIN concur.