JOHN N. BUNTING v. THE BOARD OF COMMISSIONERS OF WAKE COUNTY.

The Act of 1874–'75, chap. 200, sec. 2, which provides " that no part of the costs, upon any of th   indictments under consideration," (failing to list the poll,) " shall be taxed against the county," repeals the general law, making the county liable in cases where a *nol. pros.* is entered.

Justice RODMAN *dissenting.*

.. This was a CONTROVERSY submitted without action, heard before *Watts, J*, at June Term, 1875, of the Superior Court of WAKE county, upon the following

CASE AGREED:

· John N. Bunting claims to recover from the Board of Commissioners of Wake county three hundred dollars, and the Board of Commissioners of Wake county resists the claim.

The following are the facts upon which the controversy depends :

1. The plaintiff is now and has been, since the first Monday of September, A. D. 1874, clerk of the Superior Court of said county.

2. At January Term, 1875, of the Superior Court of said county, the grand jury found and returned into court certain

indictments against certain citizens of said county for their several failures to list their polls for taxation for the year 1873, under the provisions of the Act of 1872–'73, chap. 115, sec. 19, Bat. Rev. chap. 162, sec. 19.

3. The said clerk of the Superior Court under the direction of the court and Solicitor for the 6th Judicial District, entered said indictments then and there on the records of the term ; and afterwards under like directions, during the months of January and February, 1875, and before the 18th day of March, 1875, issued *capias* for the defendants named in said indictments, and subpœnas for the witnesses endorsed thereon.

4. At Spring Term, 1875, of said court, the Solicitor for the 6th Judicial District, under the control and direction of the court entered *nolle prosequi* as to the defendants in many of said indictments; and that the three hundred dollars claimed by the plaintiff as aforesaid, is the aggregate amount of the half fees claimed by the clerk for entering the indictments, &c., in part of said criminal actions, where in *nolle prosequi* were entered.

5. In none of said criminal actions wherein charges are made by the clerk for services, did the defenfiants exhibit their tax receipts and pay the one dollar and fifty cents of costs, and move to dismiss the indictments against them respectively, as they were allowed to do by Act of 1874–'75, chap. 200, sec. 3.

6. After the said *nolle prosequi* were entered and before the 15th day of June, 1875, the plaintiff, as clerk of the Superior Court of Wake county, made up his account against the defendants as required by law, including therein the various items aforesaid, which constitute the sum of three hundred dollars, and regularly demanded payment thereof on the day and date aforesaid at the office of the defendants in Wake county, which payment the defendant then and there refused to make.

County poll tax in 1873, was between one and two dollars.

7. On this state of facts the defendant claimed at the time of said demand, and claims now, that it was and is under no liability to pay the plaintiff's aforesaid claim, and was and is entirely free, released and discharged from any such liability, by the operation of the act of 1874–'75, chap. 200, sec. 2.

8. The plaintiff then claimed, and now claims, that the act of 1874–'75, chap. 200, sec. 2, does not embrace within its operations a case like his, wherein the indictments had been found, and the official services rendered by the clerk before the ratification of said act.

That if said section purports to embrace a case of this nature, it is repugnant to the provisions of both the Constitution of the United States and of this State, and, therefore, void.

That by section 4 of said act, in express terms, all parties who fail to comply with the provisions of the act, as contained in section 3 thereof, are to be preceeded against as if the act had not been passed.

If upon the foregoing state of facts, the opinion of the court shall be with the plaintiff, judgment is to be entered herein against the defendant and in favor of the plaintiff for three hundred dollars and costs, &c. But if upon the fore going state of facts, the opinion of the court shall be with the defendant, judgment is to be entered herein against the plaintiff, and in favor of the defendant for costs, &c.

Upon the hearing, at Fall Term, 1875, his Honor rendered judgment for the plaintiff, according to the case agreed, from which judgment the defendant appealed.

*Busbee & Busbee* and *Snow*, for appellant.
*Haywood*, contra.

READE, J. The Legislature in 1872–'73, made the failure to list polls for taxation a misdemeanor, and intended to make the offence cognizable before a Justice of the Peace; but by

limiting the punishment to thirty days instead of one month, it was cognizable before the Superior Court, and a great many were indicted. In 1874–'75, the Legislature deprived the Superior Court of jurisdiction, and, in order to relieve those who had been indicted from the hardships of the ordinary bills of costs, it provided that the Solicitors should dismiss all the indictments pending, upon the defendants showing their tax receipts, and paying fifty cents each to the Solicitor, Clerk and Sheriff. And provided further, that *no part* of the costs in *any* of the cases should be taxed against the county. Acts of 1874–'75, chap. 200.

And now the plaintiff, who is the Clerk of the Court, brings this action against the county for his fees, notwithstanding the Act provides that no part of the cost shall be taxed against the county; because, he says,

I. That the Act is prospective only.

It is true, that statutes are to be construed as prospective only, unless the contrary clearly appears. Here the contrary does clearly appear. The Act in express terms refers to " pending indictments."

II. That he had performed the services before the Act was passed, therefore his right to his fees was *vested*, and the Legislature could not deprive him of it.

It is true that the plaintiff's fees were fixed by law, and when he rendered the services he had the right to expect pay. But from whom? If for any *person*, then from that person. If for the *State*, then from the State. If for a *county*, then from the county. C. C. P., sec. 555. Here the services were rendered for the *State*, and are to be " paid for by the State, as other claims against it are." C. C. P., sec. 555. I leave out of view the question of the power of the State to change or abolish the fees of the officers.

It is also true, that the Legislature has the power to prescribe that the counties shall pay the costs of State criminal prosecutions. And the plaintiff says:

III. That the State had made the county liable for the costs in the cases in which the plaintiff claims his fees.

It is true, that before and at the time the plaintiff rendered the services, our statute did provide that " in all State cases, where there shall be a *nolle pros qui* entered, &c., the county shall pay the Clerks, &c., half their fees." Bat. Rev., chap. 105, sec. 32. And here there were " State cases" and " *nolle prosequis*" But then the act of 1874–'75, cl ap 200, sec. 2, which provides " that no part of the costs upon any of the indictments, under consideration, shall be taxed against the county," does, as to these indictments, repeal the general law making the counties liable. And so the case stands as if there never had been any law making the counties liable. So that there was not only no *compulsion* upon the county to pay, but an express *prohibition*.

The only thing that can be urged against this view, is the argument, that at the time the services were rendered, the county was bound under the general law. No. The county was not bound until a *nolle prosequi* should be entered. And before that was done, the act of 1874–'75, repealed the general law as to these cases. So that, the case stands thus : The State, as we will suppose, is like any other party, liable for its costs. It relieves itself from that liability in certain cases, and puts it upon the counties, which are parts and parcels of the State, to pay, upon the happening of certain contingencies. Before the contingencies happens, the State relieves the counties from liability, there can be no objection to that. No contract of the *counties* is thereby impaired. A owes B, and directs his agent to pay it ; before C does pay it, or assumes any personal responsibility, A withdraws his authority, and directs C not to pay it. After this, C is neither bound nor authorized to pay it. *Dixon & Davidson* v. *Pace*, 73 N. C. Rep. 603.

We do not mean to pass upon the liability of the State to pay this claim. All that we decide is, that the *county* is not bound..

There is error.    Judgment reversed, and judgment here for defendant.

RODMAN, J. *Dissenting.*

I dissent from the opinion of the court for this reason. When the plaintiff performed the services as Clerk in respect of which he sues, as the law then stood he was entitled to receive the fees from the county, in the event that *nolle prosequi* should be entered on the indictments.    It was a vested right to payment on the happening of a contingency which the Legislature could not deprive him of.    If an Accident Insurance Company agrees to pay B a certain sum in case he shall be disabled or killed on a certain journey, his right to receive the money on the happening of the contingency is a vested right, although the right is not complete until the contingency happens.    When it happens the right by relation becomes absolute *ab initio.*    It cannot be supposed that the Legislature could discharge the Company from its contract at any time before the contingency happened.

The argument for the defendant is that the Legislature had a right to substitute the State as a debtor in the place of the county.    But I conceive the Legislature has no right to compel a creditor to give up his claims against a solvent debtor against whom he has a practical remedy, and to substitute in his place the State against whom he has no remedy.    Besides it seems plain to me that the Legislature never intended to make the State liable for the plaintiff's claim.    I think the Act of 1874–'75 violated a contract, and was void as in conflict with the Constitution of the United States.

PER CURIAM.                              Judgment reversed.