STATE on the relation of J. H. BLOUNT, Solicitor, v. W. S. SIMMONS.

*Practice—Costs of Action in Name of State—County not Liable.*

Where, in an action by the Solicitor in the name of the State to vacate an oyster-bed entry, the plaintiff was non-suited, it was error to tax the costs against the county, which was not a party to the action.

This was an action heard before *McIver, J.*, at Fall Term, 1894, of PAMLICO Superior Court, against the

defendant W. S. Simmons, and 693 other defendants in separate actions, upon the same causes of action, under and by virtue of Chap. 287 of the Public Laws of 1893, Sec. 4, to vacate the said 694 entries in said chapter and section. His Honor having intimated that, under the case of *State* v. *Spencer*, said cause of action could not be sustained, it appearing to the court that the same facts are involved in said 694 actions as recited in said case, the Solicitor on behalf of the State submitted to a non-suit, and, upon motion of said Solicitor, a judgment for the costs of the said 694 actions was rendered against the County of Pamlico.

From so much of said judgment as taxed the cost against the County of Pamlico, the Board of Commissioners of Pamlico County appealed.


*Messrs. F. M. Simmons* and *T. B. Womack*, for defendant.

No counsel, *contra.*


FAIRCLOTH, C. J. :  This is an action by the State, on relation of the Solicitor of the district, to vacate an oyster-bed entry, under the Act of 1893, ch. 287, sec. 4, and upon the hearing his Honor being of opinion, on the authority of *State* v. *Spencer*, 114 N. C., 770, that the plaintiff is not entitled to recover, the plaintiff submitted to a non-suit, and, on motion of the Solicitor, judgment was entered against the County of Pamlico for the costs of the action, said county not being then a party to the action, but was allowed to become a party for the purpose of an appeal.  The plaintiff assigns no reason or authority why the county should be taxed with the costs, and we can see none.  The defendant refers to *The Code*, sections

536 and 537, and *Bunting* v. *Commissioners*, 74 N. C., 633, in its behalf.

                                    Judgment Reversed.