LOVEN v. PARSON.

(December 4, 1900.)

1. *Costs—Parties—Administrator—Judgment—Claim and Delivery.*

   A person not a party to an action can not be taxed with the cost.

2. *Fees—Allowance of Attorney's Fees—Counsel—Claim and Delivery.*  ·

   The Superior Court can not allow attorney fees in claim and delivery proceedings.

3. *Appeal—Special Appearance—Costs—Judgment—Parties—Claim and Delivery.*

   Where judgment is rendered against a person, not a party to the action, he may make a special appearance and appeal.

CIVIL ACTION by G. A. Loven against A. B. Parson, heard by Judge *J. W. Bowman,* at November Term, 1899, of BURKE Superior Court.    From judgment taxing the costs against W S. Hall, administrator of J. P. Hall, W. S. Hall entered a special appearance and appealed.

*John T. Perkins,* for plaintiff.
*Isaac T. Avery,* for the appellant.

CLARK, J.    The plaintiff, collector of an estate, took possession of certain personal property under claim and delivery

proceedings.  An administrator having been appointed, the plaintiff turned the personal property over to him.  At the term of Court the plaintiff obtained judgment by default final against the defendant for the goods, and was also entitled to judgment for costs against him.  But, instead thereof, the judgment contains a recital that the defendant is insolvent, and a judgment that the plaintiff recover of the estate in the hands of the administrator (who had not been made a party to the action) for the costs, and for the further sum of $10 disbursed for counsel fees.  Why the collector did not deduct his expenditures when he turned over the property does not appear.  Properly, the administrator should have been substituted as party plaintiff, having been appointed before final judgment.  Certainly all just and proper disbursements for costs and counsel fees by the collector can be proved against the estate, and recovered against the administrator, if he refuses to pay.  But this must be done in the proper legal method and *forum,* the administrator having his day in court, and an opportunity to contest the necessity, the validity, or the amount of such disbursements.  It is error to engraft such alien matter in this action, and, even  if that could be done, it was error to do so when the administrator had not been made a party.  The Superior Court can not make an allowance for counsel fees in this action.  *Railroad Co. v. Goodwin,* 110 N. C., 175.

The administrator entered a special appearance for the purpose of appealing only, which was the course pursued in *Blount v. Simmons,*118 N. C.,9. It is true, the administrator, not being a party to the action, might have treated the judgment as a nullity; but probably the simplest and least expensive method of contesting its validity was the course here taken.  *Clark v. Manufacturing Co.,* 110 N. C., 111, differs

from this in that there the defendant, in a court of a Justice of the Peace, and named as defendant in the order of publication, complained that the publication was insufficient, but, instead of moving to set aside the judgment on that ground, or appearing specially at the trial and noting an exception, or proceeding under section 220, as he should have done, being a party upon the face of the record, he attempted to appeal specially. The judgment on its face was regular, and, without the refusal of some motion or refusal of something asked, he had nothing from which to appeal. But here the appellant is not a party upon the face of the record. Therefore, instead of moving in the action to set aside the judgment, it is admissible for him, an alien to the action, to enter a special appearance for the purpose of appealing to this Court from a judgment taken against him therein. The judgment should be corrected by entering judgment for costs against the defendant and striking out the judgment against the appellant.

It is presumable that the appellant has some meritorious defense, else surely an appeal would not have been taken to this Court which involves so small an amount, and for a claim which apparently is a just disbursement, chargeable in a proper proceeding against the estate in the hands of the administrator. It is true, the latter has not set up such grounds of defense as he may have, for in this proceeding he contests the judgment solely because of not having been made a party to this action, and not being a proper party if he had been.

Error.