BENJAMIN SUMMERLIN ET AL. v. D. G. MORRISEY.

(Filed 17 March, 1915.)

**Judicial Sale—Commissioner's Deed—Correction by Court—Appeal and Error—Costs.**

A commissioner appointed by the court to sell land involved in the controversy is not a party to the action and has no interest in the subject of it which will give him the right of appeal; and where an appeal of this character has been taken, the costs are taxed against the commissioner personally.

THIS is an appeal by Henry L. Stevens, one of the commissioners appointed by the former decree of the Superior Court of DUPLIN County, to sell certain lands described in the pleadings in this cause, heard at the January Term, 1915, before *Peebles, J.*

*Stephens & Beasley for H. L. Stevens, appellant.*
*Henry A. Grady, Henry E. Faison, H. D. Williams for appellees.*

BROWN, J. This is a motion to dismiss the appeal of Henry L. Stevens, commissioner. It appears from the record in this cause that it is an

action brought to sell certain lands for the payment of a debt. At November Term, 1888, W. R. Allen and H. E. Faison were appointed commissioners to make the sale. At February Term, 1889, the appellant, Henry L. Stevens, was substituted by decree in the place of H. E. Faison. At January Term, 1915, the cause came on to be heard before his Honor, *Judge Peebles,* upon a motion to correct the deed made by the commissioners to D. G. Morrisey, the purchaser.

Upon said hearing, his Honor found as a fact "that the deed from H. L. Stevens and W. R. Allen, commissioners, to D. G. Morrisey does not convey the entire tract of land, as described in their report and plat thereto attached, in that one of the lines is left out of the said deed."

The court decreed that the said Allen and Stevens, commissioners, be directed to execute a deed in fee in accordance with the descriptions contained in their report and plat. The commissioner Allen makes no objection to the said decree. One of the commissioners, Henry L. Stevens, excepts to the said judgment and appeals to this Court.

We are of opinion that the appeal should be dismissed. The commissioner is not a party to this action and has no personal interest whatever in the subject of it. It is his duty to obey and not to review judgments of the court appointing him. No judgment has been rendered against him, and if the court has made a mistake, as the appellant contends, that is a matter for the parties to correct by appeal, if they are inclined to do so, and it is not a matter for the commissioner. *Loven v. Parson,* 127 N. C., 301; *Blount v. Simmons,* 118 N. C., 9.

While these authorities are not on all-fours with this case, the principles laid down therein are inconsistent with the idea that a person who is not a party to the action and not affected in any way personally by the judgment of the court can cause its judgments to be reviewed.

The case cited by the appellant from West Virginia, *Ruhl v. Ruhl,* 24 W. Va., 279, is a direct authority against the appellant's position. In that case it is held that "A special commissioner in a chancery cause, or a receiver of the court, is simply an officer of the court, and as such he has no right to intermeddle in questions affecting the rights of the parties, or the disposition of the property in his hands. His holding is the holding of the court, and he cannot interfere in the litigation or ask for the revision of any order or decree affecting the rights of the parties; but when his own accounts or his personal rights are affected, he has the same means of redress that any other party so affected would have." *Blair v. Core,* 20 W. Va., 255; *In re Colvin,* 3 Md. Ch. Dec., 303; *Hinchley v. R. R. Co.,* 94 U. S., 467; *Horey v. McDonald,* 109 U. S., 140.

The appeal is dismissed at the cost of the appellant, Henry L. Stevens.

Dismissed.

MR. JUSTICE ALLEN did not sit upon the hearing of this appeal.