W. H. POWELL, ADMINISTRATOR, v. ASSURANCE SOCIETY.

(Filed 16 April, 1924.)

1. **Removal of Causes—Waiver—Courts—Jurisdiction.**

The right of defendant to remove a cause from the State to the Federal Court under the provisions of the Federal Removal Act, is not jurisdictional, and may be waived by his failure to assert his right as the statute requires and in apt time.

2. **Same—Pleadings—Rules of Court—Statutes.**

The Federal Removal Act, requiring that the defendant having this right file his petition and bond for removal before time for answer, etc., has expired, as fixed by the State law, or by the rule of the courts of the State in which such suit has been instituted and is pending, applies only to such rule having a general fixed and uniform relation to all cases coming within its provision, and not to an order allowing an extension of time to plead in the particular case.

3. **Same—Terms of Court—Orders—Presumptions.**

The provisions of the Consolidated Statutes requiring that pleadings in civil actions be filed in the Superior Court during term, under certain regulations, with the presumption that all the parties were actually or constructively before the Superior Court during term, have been changed by express provision of the recent statute giving the jurisdiction to the clerk of the court, the defendant being given twenty days after the final day fixed for the time to answer, when the complaint has not been served with the summons; and the defendant desiring to remove the cause from the State to the Federal Court under the Federal statute, may within that time file his proper petition and bond in the State court wherein the action had been brought, if done before he has filed his answer, or demurred, and his failure to object to an order allowing the plaintiff further time for the filing of the complaint is not now a waiver of his right. Public Laws, Extra Session of 1921, sec. 1, subsecs. 2 and 3.

APPEAL by plaintiff from *Calvert, J.,* at March Term, 1924, of COLUMBUS.

Civil action heard on motion to remove cause to the Federal Court, and on appeal from the clerk of the Superior Court.

The action is to recover the amount of two policies of insurance against defendant company, a New York corporation. Summons issued in Columbus County, returnable before the clerk of the Superior Court of Columbus County on 3 January, 1924. On return day, defendant not being present, an order was entered allowing plaintiff till 23 January, 1924, to file complaint. On 23 January complaint was filed. On 25 January defendant appeared before clerk, pursuant to notice issued and served on plaintiff and on affidavit filed showing diversity of citizenship, and, tendering a proper bond, asked that the cause be removed to the Federal Court for the Eastern District. The motion was denied,

and said clerk also refused to furnish a certified copy of record for the purpose of filing same in the Federal Court, the proper fees therefor having been duly tendered.

On appeal, the case was heard in term before his Honor, Calvert, J., who reversed the ruling of the clerk and directed that the cause be removed and record certified as prayed. Plaintiff excepted and appealed.

*L. R. Varser, H. E. Stacy, and Dickson McLean for plaintiff.*
*E. K. Bryan and S. Brown Shepherd for defendant.*

HOKE, J. The Federal statute applicable, Federal Judicial Code, sec. 29, requires in effect that a motion by defendant to remove a cause to the Federal Court shall be made at or before the time for answering expires as fixed by the laws of the State, or by rule of the State courts in which such suit is instituted and pending. This term, "rule of court," has been held to mean a standing rule, making fixed regulation as to the time to file pleadings, and applying to all cases coming under its provisions, and, the right of removal not being jurisdictional, it is further held that the same may be waived, and will be considered waived when there has been a special order extending the time to plead beyond the statutory period, without exception filed or other protest made by the party entitled. *Dills v. Fiber Co.,* 175 N. C., 49; *Patterson v. Lumber Co.,* 175 N. C., 90; *Hyder v. R. R.,* 167 N. C., 584; *Bryson v. R. R.,* 141 N. C., 594; *Howard v. R. R.,* 122 N. C., 944; Moore on Removal of Causes, sec. 156.

Speaking to the questions presented in *Dills v. Fiber Co., supra,* it was said: "This term, 'rule of court,' appearing in the statute, has reference to a standing rule having the force of law (*Mecke v. Mineral Co.,* 122 N. C., 790-797; *Fox v. R. R.,* 80 Fed., 945), and the decisions in this State interpreting the statute are to the effect that where the time to file pleadings has been extended on the application of the parties, or when such time is given at some particular term by special order of court, and same is not objected to, such order is taken to have been acquiesced in by defendant, and the right of removal is thereby waived."

At the time that decision was made, and in the case there presented, the pleadings were made up in term, when both parties were actually or presumably present, and the time allowed to answer was during the term to which the summons was returnable. Since that time, however, the statute has been amended, requiring that pleadings primarily be filed before the clerk; the provision especially pertinent being section 1, subsections 2 and 3, Laws 1921, Extra Session, chapter 92:

"Subsec. 2. The complaint shall be filed on or before the return day of the summons: *Provided,* for good cause shown, the clerk may extend the time to a day certain.

"Subsec. 3. The answer or demurrer shall be filed within twenty days after the return day, or after service of the complaint upon each of the defendants, or within twenty days after the final determination of a motion to remove as a matter of right. If the time is extended for filing complaint, then the defendant shall have twenty days after the final day fixed for such extension in which to file the answer or demurrer, or after service of the complaint upon each of the defendants (in which latter case the clerk shall not extend the time for filing answer beyond twenty days after such service) : *Provided,* in cases where the complaint is not served, for good cause shown, the clerk may extend the time to a day certain."

In the present case plaintiff was allowed till 25 January, 1924, to file his complaint. There is now no requirement or presumption that a defendant should be present during the entire statutory period for filing pleadings, and the statute making express provision "that if the time is extended for filing the complaint, the defendant shall have twenty days after the final day fixed for such extension in which to file answer or demurrer," the application of defendant on January 25 instant is well within the time as fixed by the statute, and his Honor has correctly ruled that the same is in apt time and that the cause be removed, and as prayed for.

Judgment affirmed.