ROSAMOND A. VAN DYKE v. PRUDENTIAL INSURANCE COMPANY.

(Filed 29 September, 1926.)

1. Courts—Federal Decisions—Removal of Causes.

The decisions of the Supreme Court of the United States are controlling upon the question of removal from the State to the Federal Court under the United States statute.

2. Same — Insurance — Foreign Corporations — Domesticating Acts — Waiver.

*Held,* under the decisions of the Supreme Court of the United States binding upon the Supreme Court of North Carolina, a life insurance company of another state, having complied with the Federal statute, may remove an action against it involving more than three thousand dollars, etc., from the State to the Federal Court, and its compliance with the State domesticating statute does not waive or lose this right.

Appeal by plaintiff from *Sinclair, J.,* at August Term, 1926, of Pitt. Affirmed.

S. J. Everett for plaintiff.
Pou & Pou, James H. Guest and J. L. Emanuel for defendant.

Clarkson, J. The sole question presented by this appeal is whether the above-entitled action has been legally removed from the Superior

Court of Pitt County to the United States District Court at Washington, North Carolina. If the case has been legally removed the judgment should be affirmed. If not so removed, plaintiff, appellant, contends that the judgment is erroneous. Appellee, defendant, contends that the appeal should be dismissed upon an inspection of the record.

This action was instituted in the Superior Court of Pitt County by plaintiff, a resident of Pitt County, against defendant, a corporation chartered in New Jersey and organized in that State, and a resident and citizen of that State. Defendant was duly licensed to carry on the business of soliciting applications for insurance in this State. The sum demanded by plaintiff was $5,000.

In apt time, defendant filed, after due notice to plaintiff, a petition duly verified in the usual form, and setting forth a cause for removal; and with good and sufficient bond in the sum of $500, in connection with said petition; and the clerk of the Superior Court of Pitt County, duly approved said bond as to its form, sufficiency and solvency. All this was accomplished in the due and regular course of practice, as prescribed by the statutes of the United States and of this State, governing removals to the United States Court; and all was done within the times required by the statutes of this State.

The clerk of the Superior Court of Pitt County, on hearing the petition of defendant and considering the same, made an order removing the action to the United States District Court at Washington, North Carolina, and duly certified the proceedings, and transmitted the record thereof to said United States Court, where the same was duly docketed and is now pending. Plaintiff gave notice of an appeal from the clerk's order to the Superior Court of Pitt County, and plaintiff's appeal was heard at August Term, 1926, of said court; and his Honor, Judge Sinclair, affirmed the ruling of the clerk, and found as facts that

"This action was one between citizens of different states, and that the sum in issue exceeded $3,000.00, exclusive of interest and costs; that petition duly verified was filed by defendant within the time prescribed by statute, and notice given to plaintiff, and that a bond conditioned according to law, and satisfactory as to solvency and form was duly filed; that the clerk of this Court duly made an order removing the cause to the United States District Court for the Eastern District of North Carolina-Washington Division; and that transcript of the record has been forwarded to the clerk of said United States District Court; and that the cause was removable under the act of Congress governing removal of causes; and that the act of the clerk of this Court was in all respects regular and in accordance with the statute and in conformity to the practice obtaining in the removal of causes."

From the judgment of the Superior Court rendered at said August Term, affirming the order of the clerk, this appeal was taken by plaintiff, for the sole purpose of obtaining from this Court a decision upon the removability or nonremovability of this cause.

Plaintiff contends: "That no court existing under and by virtue of the laws of the State of North Carolina has the power to remove an action from the courts of the State to the United States courts wherein any action is brought upon an insurance policy which was issued by a company qualified to do business in this State under chapter 106, Consolidated Statutes." And in reaching that conclusion, plaintiff asserts, that "The defendant has established a power of attorney, complied with the law which enabled it to do business in this State, and thereby became a domestic corporation for that purpose. In complying with this requirement of the law and doing business in this State under the said requirements, it has waived its right to remove a cause to the United States Court, and is estopped thereby."

The argument of plaintiff's counsel as to the right of the State in the case at bar is persuasive, but cannot be binding. We are controlled by the decisions of the Supreme Court of the United States. These decisions have been followed, in duty bound, by this Court. *Southern Railway Co. v. Allison,* 190 U. S., 326, 47 L. Ed. 1079, (Reversing *Allison v. Southern Railway Co.,* 129 N. C., 336, 40 S. E., 9); *Terral, Secy. of State of Ark., v. Burke Con. Co.,* 257 U. S., 529; *Powell v. Assurance Society,* 187 N. C., 596; *Timber Co. v. Ins. Co.,* 190 N. C., p. 801; *Huntley v. Express Co.,* 191 N. C., p. 696.

Hon. Chester I. Long (U. S. Congressman and Senator), President of the American Bar Association, in his address at Denver, Colorado, 14 July, 1926, said, in part: "The one protection for the liberty of the individual is in the Supreme Court of the United States. The power has been exercised for over a century to declare when an act of Congress or of a state legislature is not a law because it violates the Constitution of the United States. . . . Liberty will abide here if we maintain our dual nation; it will disappear when we destroy the even balance between the national and state governments. . . . The advance of the organized American Bar in the preservation of the liberty of man, woman and child is very reassuring. Let us hope as the organized Bar increases in members, power and influence *that the blessings of liberty and of local self-government may be made more secure to ourselves and to our posterity.*"

*Mizzell v. R. R.,* 181 N. C., p. 36, cited by plaintiff, is not analogous. In that case the Atlantic Coast Line Railroad Company was a domestic corporation.

The judgment below is
Affirmed.