## M. V. BUTLER v. ARMOUR & COMPANY and ARMOUR FERTILIZER WORKS.

(Filed 10 November, 1926.)

### 1. Removal of Causes—Diverse Citizenship—Waiver.

Under the Federal statute the State and the Federal courts have concurrent jurisdiction over causes removable from the State to the Federal Court, coming within its provisions between a citizen of this State and a

nonresident defendant corporation of another state, with the right of the defendant to remove the cause from the State to the Federal Court upon the filing of a proper petition and bond, according to the requirements of the Federal statute, unless this right has in some recognized way been waived by it.

**2. Same—Corporations.**

A corporation of another state, existing under its laws with the right of conducting its business in this jurisdiction, for the purpose of exercising the right in proper instances may remove a cause against it from the State to the Federal Court, under the Federal statute.

**3. Removal of Causes—Courts—Jurisdiction—Pleadings—Waiver—Judgments—Estoppel.**

Where by consent of a nonresident defendant, a cause is retained in the State court, and the judge thereunder has granted the nonresident defendant, within its discretion, time to answer the complaint beyond that which the State statute allows, 3 C. S., 509, the nonresident waives his right to remove and is thereafter estopped from asserting it by filing a proper petition and bond in conformity with the Federal removal act, relating to diverse citizenship.

**4. Federal Courts—Federal Questions—United States Supreme Court—Conflict of Opinions.**

Where the decisions of the Federal courts inferior to the Supreme Court of the United States are in conflict as to matters involving Federal questions, in this case jurisdiction of the Federal courts in relation to the questions of the removal of causes from the State to the Federal Court for diverse citizenship, and the United States Supreme Court has not passed upon the matter, the decisions of the State court will prevail.

APPEAL from *Barnhill, J.,* at July Term, 1926, of Superior Court of NEW HANOVER. Affirmed.

The necessary facts will be stated in the opinion.

*A. G. Ricaud, L. Clayton Grant and Bryan & Campbell for plaintiff. John D. Bellamy & Sons for Armour Fertilizer Works.*

CLARKSON, J. This is an action by the plaintiff for actionable negligence against the defendant Armour Fertilizer Works, a corporation under the laws of New Jersey, for personal injuries alleged to have been sustained. The defendant, after due notice, giving required bond, etc., filed a petition for the removal of the action from the State court to the United States Court for the Eastern District of North Carolina, on the ground of diversity of citizenship, the amount sued for being $19,700. The action was brought originally against Armour & Company, and it filed answer denying right of plaintiff to recover. When

the case was called for trial, the following judgment was rendered at May Term, 1926, by the court below:

"This action having been called for trial, and it appearing to the court that Armour Fertilizer Works is a proper and necessary party and Armour Fertilizer Works, through its attorney and its process officer for service in this State having appeared and made itself a party to this action:

It is now, on motion of counsel for the plaintiff, adjudged that Armour Fertilizer Works be, and it is hereby made a party defendant to this cause, and it comes in and submits itself to the jurisdiction of this court, and the plaintiff shall have fifteen days within which to file amended complaint, and the defendants to have thirty days thereafter to file answer or other pleadings and this cause is continued. G. E. Midyette, judge presiding. Consented to," and signed by attorneys for plaintiff and defendant.

The amended complaint against Armour Fertilizer Works was filed 16 June, 1926, and the notice, petition, bond and motion for removal was filed within twenty days, on 16 July, 1926. The petition by Armour Fertilizer Works for removal was first heard before the clerk of the court, who denied the motion, and it appealed to the Superior Court, which affirmed the clerk's decision.

The first paragraph of section 24 of the Judicial Code enumerates the classes of controversies which most frequently arise and in which there is concurrent jurisdiction: "All suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different states; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens or subjects."

· The jurisdiction given to the District Court by section 24 of the Judicial Code is for the greater part not exclusive, but is concurrent with the courts of the states; that is to say, the plaintiff has the option of bringing his suit either in a state or a Federal court.

"Amount in controversy. Must be not less than $3,000 exclusive of interest and costs." Davis v. Wallace, 257 U. S., 478, 482. "In suits to recover unliquidated damages, the amount in controversy is the amount sued for in the petition or bill." Fernandina Shipbuilding and Dry Dock Co. v. Peters, 283 Fed., 621.

"Corporations, for the purposes of Federal jurisdiction, are citizens of the State under whose laws they are incorporated. (Thomas v.

*Board of Trustees,* etc., 195 U. S., 207.) And corporations organized under the laws of one state and qualifying to do business in another, are still for jurisdictional purposes, citizens of the former." *Southern R. R. Co. v. Allison,* 190 U. S., 326; *Van Dyke v. Insurance Co., ante,* p. 206.

"Procedure for removal. Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, *he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of .the State or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff,* for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court. (36 Stat. L., 1095)." Babbitt Judicial Code and Equity Rules, sec. 29, p. 44.

"The right to remove a case cannot be given by consent. A case may be removed only when the Federal statute so provides. It can never be removed merely because both parties are willing that it shall be.

"The right to remove may be waived. On the other hand, as it is a mere right of the parties, and under the present statute, a right confined to the defendant, he can exercise it or not as he sees fit. He may so act as to show that he has elected not to do so. This election he will conclusively evidence by not making his motion to remove within the time limited by law. It is easy to conceive of many other ways in which even before the expiration of the time in which, if at all, he must exercise this right, he may so act as to estop himself from so doing, upon

33—192

the theory that what he has done shows that he has agreed not to avail himself of it." Rose's Federal Jurisdiction and Procedure, 3 ed. (1926), secs. 408 and 409.

"The lower Federal courts are in irreconcilable conflict as to whether an extension of time to plead, either by order of the court, or by agreement of the parties, correspondingly extends the time in which the defendant may ask for removal, and the Supreme Court has not yet had occasion to settle the controversy." Rose, *supra,* part sec. 445, p. 402. Mr. Rose, in his valuable work gives the Federal decisions in different circuit and district courts.

Judgment of Barnhill, J.: "At Superior Court, held at the courthouse in Wilmington, on 29 July, A. D. 1926. Present: Hon. M. V. Barnhill, judge.

"This action having been called for hearing upon a motion made by the defendant for the removal of this cause to the United States District Court at Wilmington, N. C., for trial, and being heard upon papers filed in this cause, and it appearing to the court that the amended complaint of plaintiff was filed on 16 June, 1926, and the petition, bond and motion for removal all in writing was filed with the clerk of this court on 6 July, 1926, and it further appearing to the court that the petition and bond for removal are in proper form and sufficient in substance, and that the clerk of the court denied defendant's motion for removal, and defendant appealed to this court, as appears by the order of the clerk, and this motion is by consent, heard by the undersigned at this time, and the court being of the opinion that the recital in the order of Judge Midyette, reciting that the defendant 'submitted itself to the jurisdiction of this court' would not by reason of such recital prevent the defendant from removing the cause, but the court being of the opinion that the other provisions of said order and other facts appearing from the record, are such as to bar the right of the defendant to remove this cause: It is therefore ordered and decreed by the court that the defendants' motion for removal be, and the same is denied, and order of clerk is affirmed, and this cause is retained in this court for trial upon its merits."

The defendant, Armour Fertilizer Works, a corporation under the laws of New Jersey, had the right, privilege and option (the statute says "may") of contesting the suit of plaintiff either in the State court or by removal to the United States District Court. The sole question presented in this action, from the record, is, did defendant waive this right, privilege or option and elect to litigate in the state court?

Vol. 3, C. S., 509, is as follows: "The defendant must appear and demur or answer within twenty days after the return day of the sum-

mons, or after service of the complaint upon each of the defendants or within twenty days after the final determination of a motion to remove as a matter of right. If the time is extended for filing complaint, then the defendant shall have twenty days after the final day fixed for such extension in which to file the answer or demurrer, or after service of the complaint upon each of the defendants (in which latter case the clerk shall not extend the time for filing answer beyond twenty days after such service) : *Provided,* in cases where the complaint is not served, for good cause shown, the clerk may extend the time to a day certain; otherwise the plaintiff may have judgment by default."

In the present action, when the case came on for trial, the Armour Fertilizer Works, Inc., was made a party defendant. The court below, in its discretion, gave the plaintiff fifteen days within which to file amended complaint, defendant to have thirty days thereafter to file answer and other pleadings. This judgment was consented to and signed by attorneys for plaintiff and defendant. This judgment extended the time for defendant to plead beyond the time allowed by the statute quoted, *supra.* This extension of time was in the discretion of the court below. C. S., 536; *McNair v. Yarboro,* 186 N. C., 111; *Howard v. Hinson,* 191 N. C., 368; *Greenville v. Munford, ibid.,* 373; *Burton v. Smith, ibid.,* 603.

Whatever may be the decision in other courts, this matter has been settled in this jurisdiction contrary to the contention of defendant. We can find no decision of the Supreme Court of the United States which would change the decisions of this State. In *Pruitt v. Power Co.,* 165 N. C., 418, *Clark, C. J.,* said: "The entering into the stipulation for an extension of time to file the answer, which was duly approved by the judge, was a general appearance in the State court and waived the right to remove. It was an acceptance of the jurisdiction of the State court. *Howard v. R. R.,* 122 N. C., 944; *Duffy v. R. R.,* 144 N. C., 23." This principle has been approved in numerous opinions of this Court, among them: *Dills v. Fiber Co.,* 175 N. C., 49; *Patterson v. Lumber Co.,* 175 N. C., 92; *Powell v. Assurance Society,* 187 N. C., 596, and *Burton v. Smith, supra,* p. 603.

Under the facts and circumstances of this case, we are of the opinion that defendant, Armour Fertilizer Works, Inc., by agreeing that the court below exercise its discretion and give defendant 30 days (10 days beyond the time allowed by the statute) to file answer or pleadings after the plaintiff filed his amended complaint, waived the right, privilege or option it had to remove its case to the U. S. District Court, and it was a general appearance and an election to try the case in the State court. Defendant, Armour Fertilizer Works, Inc., consented to this time and

thus submitted itself to the jurisdiction of the State court, receiving a discretionary favor or grace that it was not in law entitled to, and it is thereby estopped by its conduct and it has waived its right, privilege or option to remove the action against it from the State court to the U. S. District Court.

For the reasons given, the judgment of the court below is
Affirmed.