FIRST SECURITY TRUST COMPANY, Executor, v. HAZEL E.
HENDERSON et al.

(Filed 30 October, 1946.)

**1. Removal of Causes § 6—**

 A party who invokes the jurisdiction of the State court and seeks and obtains the indulgence of the court in the matter of filing additional pleadings or motions, waives his right to seek removal of the cause to the Federal court.

**2. Wills § 39: Declaratory Judgment Act § 1—**

 The Superior Court has jurisdiction over a proceeding under the Declaratory Judgment Act instituted by an executor to determine, *inter alia,* the validity of assignment of interest by a legatee, G. S., 1-254, and motions in the Supreme Court on appeal by assignor and assignee to dismiss for want of jurisdiction will be denied.

APPEAL by defendant, Miles O. Sherrill, from *Phillips, J.,* at May Term, 1946, of CATAWBA.

Proceeding under Declaratory Judgment Act for construction of will and to determine validity of assignment of interest in legacy.

In the petition filed herein by the executor of the will of Joseph Duckworth Elliott, late of Catawba County, asking for a construction of the will, it is alleged that Miles O. Sherrill, one of the legatees, had executed several assignments of various interests in his legacy, one to L. K. Higgenbotham in the sum of $10,000. Higgenbotham, in his answer, admitted the assignment, and asserted claim thereunder. Sherrill, in his

answer, denied the validity of the alleged assignment to Higgenbotham, and asserted that it "will be contested herein, if permitted by the court, and if not permitted herein, then in the proper forum."

After disposing of the construction of the will, by judgment entered 8 September, 1945, it was provided that the controversy between Miles O. Sherrill and L. K. Higgenbotham, over the validity of the assignment, "be, and the same is hereby retained for further orders, without prejudice to the said Miles O. Sherrill and to the said L. K. Higgenbotham to file such additional pleadings and to make such motion as they may deem appropriate."

On appeal to the Supreme Court, the judgment construing the will was upheld, reported in 225 N. C., 567, 35 S. E. (2d), 694, and at the January Term, 1946, judgment on the certificate was entered in the Superior Court of Catawba County.

Thereafter, on 30 March, 1946, Miles O. Sherrill filed herein petition and bond for removal of the controversy over the assignment to the District Court of the United States for the Western District of North Carolina for trial, on the ground of diverse citizenship—the petitioner being a resident of this State and L. K. Higgenbotham being a resident of the State of Georgia.

The Clerk denied the petition, and this ruling was affirmed on appeal to the Superior Court.

From this latter judgment, Miles O. Sherrill appeals, assigning error.

*John W. Aiken for defendant, Sherrill, appellant.*
*Eddy S. Merritt for defendant, Higgenbotham, appellee.*

STACY, C. J. The petition for removal to the District Court of the United States for trial was properly denied. The petitioner first asserted in his answer that the validity of the Higgenbotham assignment would be "contested herein, if permitted by the court." Such permission was granted, without prejudice to either of the contestants to file additional pleadings and to make appropriate motions in the cause. The authority to determine the validity of a written instrument, as well as its meaning, is contained in the Declaratory Judgment Act. G. S., 1-254. Thus, having invoked the jurisdiction of the court and sought its indulgence in the matter of filing additional pleadings or motions, the petitioner is in no position to insist upon a removal of the cause to the Federal District Court. *Butler v. Armour,* 192 N. C., 510, 135 S. E., 350. Other reasons are suggested on brief in support of the judgment denying the petition, but the foregoing will suffice for present purposes. McIntosh on Procedure, 285.

At the bar here, L. K. Higgenbotham moved to dismiss (motion styled demurrer) for want of jurisdiction, and in this he is joined by

Miles O. Sherrill.　The controversy over the validity of the assignment between Sherrill and Higgenbotham was originally brought into court by the executor.　It is entitled to have the matter determined in the present proceeding.　G. S., 1-254.

Judgment affirmed.

Motion to dismiss, denied.