LACY DICKEY, EXECUTOR OF THE ESTATE OF L. F. TROXLER, DECEASED; LACY DICKEY, INDIVIDUALLY, AND HIS WIFE, GLADYS K. DICKEY, v. AMANDA T. HERBIN (WIDOW), JOE TROXLER AND HIS WIFE, PEARL TROXLER, PAUL TROXLER AND HIS WIFE, LENORA TROXLER, FLOYD LUCAS TROXLER AND HIS WIFE, ELIZABETH TROXLER AND IRVEN TROXLER AND HIS WIFE, CORNELIA TROXLER, FRANCES T. SMITH AND HER HUSBAND, B. A. SMITH, MYRTLE T. MORGAN AND HER HUSBAND, JACK MORGAN, ROLAND LYMAN TROXLER AND HIS WIFE, LILLIAN WEBSTER TROXLER, VESTA PEARL TROXLER REEL AND HER HUSBAND, EDWIN L. REEL, ROBERT SAMUEL TROXLER, JR. AND HIS WIFE, MILDRED KILGORE TROXLER, WILLIAM FINCH TROXLER AND HIS WIFE, MARION PITTMAN TROXLER, VIRGINIA FRANCES TROXLER CLODFELTER AND HER HUSBAND, JOHN D. CLODFELTER, OLA COLEMAN AND HER HUSBAND, EDWARD COLEMAN, ROSIE ANDERSON AND HER HUSBAND, GROVER ANDERSON, RUTH THOMPSON (WIDOW), ANNIE KIZIAH AND HER HUSBAND, J. F. KIZIAH, ELZORAH WINN AND HER HUSBAND, HUGH WINN, ODELL

BARBER AND HIS WIFE, ORTANEY BARBER, ROBERT BARBER AND HIS WIFE, RUTH BARBER, GEORGE BARBER AND HIS WIFE, GLADYS BARBER, HOYLE BARBER AND HIS WIFE, WILMA BARBER, G. O. DICKEY AND HIS WIFE, WILLARD K. DICKEY, ROSS BRIGGS AND HIS WIFE, LELIA BRIGGS, KATIE SUMMERS (WIDOW), ROBERT L. SUMMERS, JR. (SINGLE), WILLIAM VIRGIL SUMMERS (SINGLE), CLARENCE ERWIN SUMMERS AND WIFE, BOBBY JEAN SUMMERS, DONNIE F. SUMMERS AND WIFE, CELIA SUMMERS, RAYMOND T. SUMMERS AND WIFE, NORMA SUMMERS, VIRGINIA SUMMERS PAYNE AND HUSBAND, JOHN HENRY PAYNE.

(Filed 20 May, 1959.)

**1. Appeal and Error §§ 2, 4—**

Only the party aggrieved is entitled to appeal, and when appellant is not the party aggrieved the Supreme Court obtains no jurisdiction and will dismiss the appeal *ex mero motu.* G.S. 1-271.

**2. Appeal and Error § 4—**

An executor who is also a beneficiary under the will is not, in his representative capacity, the party aggrieved by a judgment designating the fund which should bear the costs of administration, and holding that testator died intestate as to certain lapsed legacies, and the executor may not prosecute an appeal from such judgment in his representative capacity for his benefit as a legatee or devisee.

**3. Same: Declaratory Judgment Act § 2—**

While an executor may maintain an action under the Declaratory Judgment Act for direction in the disposition of the estate, that Act does not empower him to appeal in his representative capacity from a judgment directing the disposition of the estate as between the beneficiaries and distributees, and which, therefore, does not adversely affect the estate. G.S. 1-258.

**4. Appeal and Error § 4—**

G.S. 1-63, authorizing an executor to sue without joining the person for whose benefit the action is prosecuted, relates to parties and does not authorize an executor to appeal from a judgment entered in an action under the Declaratory Judgment Act when such judgment does not adversely affect the estate.

**5. Appeal and Error § 14:   Wills § 39—**

Upon an appeal by the executor in his representative capacity from a judgment which does not adversely affect the estate, the costs of the appeal, including attorneys' fees, are not proper charges against the estate.

APPEAL by Lacy Dickey, executor of the will of L. F. Troxler, deceased, from *Armstrong, J.,* February 23 Civil Term, 1959, of GUILFORD, Greensboro Division.

The facts necessary to a decision are as follows:

L. F. Troxler died testate on 3 September, 1957, and left no widow

or issue surviving. His heirs at law and next of kin consisted of a sister, a brother and seventeen nieces and nephews, children of deceased sister and brothers, all of whom are of age and *sui juris*. He made no provision for any of them in his will.

The will devised and bequeathed specific lands and personalty to R. L. Summers and Kate Summers, not related to him by blood or marriage. There were specific devises of realty and specific bequests of personalty to Grover O. Dickey and Lacy Dickey, nephews of testator's deceased wife. There was a specific devise of land to Ross Briggs and Lelia Briggs. The residue of the estate was willed to Grover O. Dickey, Lacy Dickey and R. L. Summers. The will appoints Lacy Dickey executor. It provides that the debts and funeral expenses shall be paid "from the first moneys coming into" the hands of the executor.

The will was admitted to probate and Lacy Dickey qualified as executor. The estate consisted of lands, tax value $20,690.00, cash and in banks, $13,908.00, and miscellaneous chattels, estimated value $7,095.00. The debts appear to be considerably less than the cash and personalty.

R. L. Summers died 12 April, 1953, before the death of the testator, and the devises and bequests to him lapsed.

Lacy Dickey, as executor and individually, instituted this action under the Uniform Declaratory Judgment Act, G.S. 1-253 *et seq.*, to have the court interpret and construe the will, give directions for the administration of the estate, and designate the property from which debts and costs of administration are to be paid. All devisees, legatees, heirs at law and next of kin are parties, and have filed pleadings or been served with summons. The complaint asks seven specific questions with respect to the interpretation and construction of the will and the administration of the estate.

The cause came on for hearing before Judge Armstrong without the intervention of a jury. The facts are not in dispute. The judge made findings of fact and conclusions of law and entered judgment unequivocally answering the seven questions set out in the complaint.

The executor excepted to the following portions of the judgment:

"(d). The (specific) devise and bequest . . . to Robert L. (R. L.) Summers having lapsed goes intestate and not through the residuary clause . . . (parentheses ours).

"(e). The lapsed legacy to R. L. Summers in . . . the residuary clause goes intestate and not to the other two residuary beneficiaries, Grover O. Dickey and Lacy Dickey.

"(f). The indebtedness, costs of administration and other expenses

of the estate should be paid out of and from the first moneys coming into the hands of the executor belonging to the testator's estate which was the $13,980.00 in cash and bank accounts."

Lacy Dickey, in his individual capacity, did not except or appeal. Neither did any of the other individual partes to the action. Lacy Dickey, as executor, appealed from the judgment and assigned error.

*John D. Xanthos and Rufus W. Reynolds for Lacy Dickey, Executor, appellant.*

*Thomas C. Carter and John H. Vernon for appellees.*

MOORE, J. It is clearly apparent that the rulings of the court below to which the executor excepts are not adverse to the interests of the L. F. Troxler estate, but are adverse to Lacy Dickey, individually, and the other residuary legatee and devisee. In the trial below the executor contended, and contends here, that the lapsed devises and legacies of R. L. Summers should not go intestate, but should go to the surviving residuary legatees and devisees, namely, Lacy Dickey and Grover O. Dickey. He further contends that if they do go intestate, that the debts and costs of administration should be paid from the intestate estate and not from the cash. A reversal of the rulings excepted to would benefit Lacy Dickey, individually, and not the estate he represents as executor. The parties adversely affected by the judgment, Lacy Dickey, individually, and Grover O. Dickey, did not appeal, and we must conclude that they are satisfied with the judgment.

The following question arises: Is the executor a party aggrieved so as to give him the right to appeal in this case? It is true that the appellees have made no motion to dismiss on the ground that the executor is not a party aggrieved. But where it appears that the appellant is not a party aggrieved, the questions raised by the appeal are not in controversy so far as the litigation is concerned, no jurisdiction of any matter to which the action relates is conferred by the appeal, and this Court will *ex mero motu* dismiss the appeal. In *Langley v. Gore*, 242 N.C. 302, 87 S.E. 2d 519, the appellants asserted that they did not claim a fund in the hands of the clerk of the Superior Court but had appealed on the ground that they did not think the appellees were entitled to it. Speaking to the subject, the Court said: "Any party aggrieved may appeal in the cases prescribed in Chapter 1 of General Statutes entitled 'Civil Procedure.' G.S. 1-271. And this Court, in interpreting and applying this statute, has uniformly held that only the party aggrieved may appeal from the Superior Court to the Su-

preme Court. See *Watkins v. Grier*, 224 N.C. 339, 30 S.E. 2d 223, and numerous other cases. Therefore, we are constrained to hold that by this appeal this Court has not acquired jurisdiction of any matter to which the action or proceeding may relate. Such being the case, the Court is impelled *ex mero motu* to dismiss the appeal for want of jurisdiction. See *Henderson County v. Smyth*, 216 N.C. 421, 5 S.E. 2d 136, where prior cases are cited. See also *Baker v. Varser*, 239 N.C. 180, 79 S.E. 2d 757, and cases cited."

It is true that this action was brought under the Uniform Declaratory Judgment Act, General Statutes of North Carolina, Chapter 1, Article 26, sections 1-253 to 1-267, inclusive. The pertinent portion of G.S. 1-255 provides that "Any person interested as . . . an executor . . . in the administration of the estate of a decedent . . . may have a declaration of rights or legal relations in respect thereto: (a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or (b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

There is no doubt that the executor had the right to institute the action and ask for a declaration in the first instance. *Trust Co. v. Henderson*, 226 N.C. 649, 39 S.E. 2d 804. The question is whether he may now appeal from a judgment of a court of competent jurisdiction which has declared his rights and duties and interpreted the will in such manner that the testator's estate is not adversely affected. G.S. 1-258, which is a part of the Uniform Declaratory Judgment Act, provides that "All orders, judgments and decrees under this article may be reviewed as other orders, judgments and decrees." Obviously the act does not enlarge the right of an executor for a review, but provides for review under the same rules that apply in cases not brought pursuant to the act.

Under the decisions of this Court, interpreting G.S. 1-271, only a party aggrieved may appeal to the Supreme Court. *Langley v. Gore*, *supra*, and cases there cited; 1 N.C. Index (Strong) page 76. "A party aggrieved is one whose right has been directly and injuriously affected by the action of the court." McIntosh, N. C. Prac. and Proc. in Civil Cases, pp. 767-8; *Freeman v. Thompson*, 216 N.C. 484, 5 S.E. 2d 434.

"As a general rule, a personal representative can appeal in his representative capacity only when he is aggrieved in that capacity, and not when he is aggrieved in his individual capacity only. In the latter

case he must appeal, if at all, in his individual capacity. He cannot appeal individually if he is aggrieved in his representative capacity only. . . . An executor or administrator may not secure review of a judgment, order or decree merely determining the rights as between the parties entitled to the estate or distributing the estate or a part thereof among heirs, next of kin, devisees, or legatees where the court had jurisdiction, unless there are exceptional circumstances taking the case out of the general rule, . . ." 4 C. J. S., Appeal and Error, Section 193b and e, pp. 583-585.

Where there is a controversy between legatees under a will, in which controversy the executor, as such, has no interest, such executor is not a party aggrieved by a decree of distribution and may not appeal therefrom. *In re* Babb's Estate (Cal. 1927), 252 P. 1039.

In *Surratt v. Knight* (Md. 1932), 158 A. 1, there was a caveat to a will. The will was sustained, but the heirs and the residuary legatees compromised their claims. The executor refused to recognize the agreement, asked the court of equity to construe the will and pass upon the validity of the compromise agreement. The court upheld the agreement and dismissed the action. The executor noted an appeal. The Court of Appeals declared: "An executor is the personal representative of the testator, and, after probate, is charged with the duty to defend and maintain the validity of the instrument with loyalty and fidelity, and to complete the administration of the estate in accordance with the terms of the will, under the law. . . . (A)fter the dismissal by the chancellor, the executor had no personal interest in further litigation. There is no question affecting the proceeds of the testator's estate in his hands for distribution, no doubt of who the residuary legatees are, nor of their identity and of their capacity to take. The executor's commissions and allowances are not involved, and he has no interest in the fund to be divided. Every one but the executor is satisfied, and no one has united in the appeal. It does not appear from the record that the executor has in any capacity such an interest in the subject matter as entitles him to appeal, and therefore this appeal must be dismissed." See also *Hetzell v. Morrison* (Ind. 1945), 60 N.E. 2d 150.

An executor who is also a devisee or legatee may not appeal as executor to protect his personal interest as against other devisees, legatees or claimants when there has been no judgment adverse to the estate.

In an Ohio case, an administrator appealed from an order of distribution. He claimed all of the funds individually. The Court said: "The administrator was not prejudiced by the order of the Probate

Court directing the distribution of the fund, and his whole interest in objecting to the distribution was a personal interest. The record shows all parties are satisfied with the order of distribution, and none of them has appealed. The administrator cannot represent them in the appeal. The administrator seeks by his appeal from the Probate Court to advance his personal interests to the disadvantage of all other parties. This, he cannot do." *In re Hoffman's Estate* (Ohio 1941), 37 N.E. 2d 646.

"An executor of an estate as such cannot appeal from the decision of the trial court refusing to approve his original final report, to which exceptions were filed by other legatees, where the rulings were for the benefit of the estate, and the only relief sought by the appeal was on behalf of the executor as an individual legatee." (Headnote). "It is apparent that by this proceeding Alexander J. Wiley is seeking to advance his individual interests, which directly conflict with the trust which, as executor, it is his duty scrupulously to protect. If he feels that he has suffered any injustice in this matter, it can be only because he has been denied that which he sought for his own personal benefit." *Wiley v. Wiley* (Ind. 1919), 122 N.E. 25.

It is true that G.S. 1-63 provides that "An executor . . . may sue without joining with him the person for whose benefit the action is prosecuted." This section is a part of Article 6, Chapter 1, relating to parties. But it will be observed that the Uniform Declaratory Judgment Act requires all persons to be made parties who have or claim any interest. G.S. 1-260. Therefore, G.S. 1-63 has no application in this case. The administrator or executor must remain impartial as between the conflicting claims of those entitled to the estate. The case of *Finley v. Finley*, 201 N.C. 1, 158 S.E. 549, involved a controversy among the devisees under the will. The holding of this Court is well stated in the second headnote as follows: "The Court will not construe the provisions of a will in an action brought by an executor unless for the purpose of aiding him in the administration of the estate, and where suit is brought by an executor to settle a dispute among the devisees as to the quality of the estate devised, and the lands have already been sold and the proceeds are in the hands of the executor for distribution, the action and the appeal from the judgment of the lower court will be dismissed." See also *Gregg v. Williamson*, 246 N.C. 356, 98 S.E. 2d 481; *Summerlin v. Morrisey*, 168 N.C. 409, 84 S.E. 689; *Strauss v. Loan Assn.*, 118 N.C. 556, 24 S.E. 116.

In the instant case the appellant may not represent the devisees and legatees against the heirs at law and next of kin. He was not a party aggrieved, and the appeal must be dismissed.

The costs of the appeal, including attorneys' fees incident to the appeal, are not proper charges against the estate of L. F. Troxler. *Summerlin v. Morrisey, supra; Surratt v. Knight, supra.*

Appeal dismissed.